BENJAMIN WHITE *vs.* JOHN O. FOX, EXECUTOR.

The fact that a submission to arbitration is under seal, does not make it necessary that the award should also be under seal. It is never necessary that an award should be under seal unless it is required by the terms of the submission or by statute.

A submission, not required by statute to be under seal, was signed by an agent under seal. Held, that it was not necessary that the authority of the agent should be under seal.

Sundry mutual claims were submitted to arbitration by the defendant and the agent of the plaintiff, and the defendant was fully heard before the arbitrators, who made an award against him. Held, in a suit on the award, that the defendant was estopped from denying the validity of the award on the ground that the agent of the plaintiff was not authorized to make the submission.

Where a lessor and lessee agreed in writing that the lessee should leave the leased premises at the end of the year and relinquish a remaining year of his lease, and submitted to arbitration the question what damages the lessor should pay the lessee for so doing, and the arbitrators awarded a certain sum to be paid at the end of the year, it was held that the award was not conditional on the lessee's leaving the premises according to the agreement.

ACTION on an award, brought against the defendant as executor of Asa Spencer ; tried to the jury in the superior court on the general issue with notice.

On the 8th day of October, 1857, the plaintiff, who resided in the state, of Illinois, was occupying, through his agent, Lewis White, a farm in Pomfret in this state, belonging to Spencer, the defendant's testator, under a lease which was to expire on the first day of April, 1859. On that day the following agreement was entered into between the latter and Lewis White as agent of the plaintiff.

"This agreement, made this 8th day of October, 1857, between Benjamin White, of Genesee, Illinois, on the one part, acting through his agent, Lewis White, and Asa Spencer, of Putnam, Connecticut, on the other part, witnesseth, that the said White is to vacate and quit possession of the farm of said Spencer, on which said agent is now living, on the 1st day of April, 1858 ; also that he is to keep his stock on said farm until said first day of April, or until such time as a final settlement between the parties is effected, provided such settlement does not take place until March 1st, 1858. It is also further agreed

White *v.* Fox.

that the said White shall choose one person, and that the said Spencer shall choose one person, and that the said persons so chosen shall decide all questions between the parties, if they two can agree, but if they can not agree in relation to any question or matter in dispute they shall select a third person, and, any two of the three persons agreeing, their decision shall be final, and shall settle all questions and matters of every kind and description between the said parties. In witness whereof we the said parties have hereunto set our hands and seals, this 8th day of October, 1857.

LEWIS WHITE, Agent for BENJ. WHITE, [L. S.]<br>ASA SPENCER, [L. S.]

On the same day the parties (Lewis White acting for the plaintiff,) agreed on Joseph Gilbert and Pardon B. Johnson as arbitrators, and the matters in dispute were at once heard before them. The arbitrators, not agreeing, called in Olney Tanner as an umpire, and on the 9th day of October the three arbitrators made and published the following award.

" By virtue of an agreement made the 8th day of October, 1857, by and between Asa Spencer, of Putnam, Windham County, on the one part, and Lewis White of said County, agent to Benjamin White of Genesee, Illinois, on the other part, we, the subscribers, have placed in our hands certain questions and matters for adjustment and settlement viz.,— Damages claimed by said Spencer for not sowing rye specified in the lease, and for not cutting the brush east of the Scarborough road. On the other hand, damages claimed by said White for leaving the farm of said Spencer one year before his lease expires ; also, for the stable floors not being kept in good and tenantable repair from the commencement of said lease up to the present time ; also, for the water pipe being out of order for several months, and for money paid out for repairing the same. Therefore, we the undersigned, having taken into consideration the several items for which damages are claimed, render the following as our decision :—Affixing the damages to each of the several items and striking the balance, we find it to be in favor of Lewis White, in the sum of three hundred and sixty-five dollars, if said White does not sow said field of

rye specified in the lease, which privilege we grant; but if said White shall sow in a good and husband-like manner ten acres of rye, sowing ten bushels of rye thereon, by the 19th day of the present month, the said Spencer shall pay to the said White forty dollars more in addition to the three hundred and sixty-five, which will make the sum total four hundred and five dollars; which sum or sums shall be payable on the first day of April, 1858, except so much as is due on said White's last note, held by said Spencer, which shall apply to said last note. Pomfret, October 9th, 1857. JOSEPH GILBERT.

P. B. JOHNSON.

OLNEY TANNER."

The plaintiff soon after brought a petition in chancery against the present defendant, as executor of Asa Spencer, who had in the meantime deceased, praying for a correction of the award by the substitution of his own name for that of Lewis White in the body of the award as the party in whose favor the award was made and to whom the money found due by the award was to be paid, alleging that the arbitrators by mistake wrote the name of Lewis White instead of his own. The superior court, upon the petition, passed a decree making the correction.

On the trial of the case to the jury the plaintiff offered in evidence the agreement and submission of October 8th, 1857, and the above-mentioned decree of the superior court, the award of the arbitrators, and proof that he had sown the ten acres of rye mentioned in the award. He also offered evidence to prove that Lewis White was his general agent as to all business with regard to the property which he occupied as his agent and was fully authorized as such to make the agreement and submission in his name. To the admission of the agreement of October 8th, 1857, the defendant objected, because it was executed by Lewis White as agent for the plaintiff under seal, and there was no evidence that his authority to execute it was under seal; but the court overruled the objection and admitted the evidence. The defendant also objected to the admission of the award in evidence, because it was not under seal, claiming that as the submission was under seal the

award must also be so ; but the court overruled the objection and admitted the evidence.

The defendant offered in evidence the record of a justice court, in an action of summary process in favor of Asa Spencer against Benjamin White and Lewis White as agent of Benjamin, to recover possession of the leased premises, together with the officer's return on the execution that issued upon the judgment that was rendered in the suit, and claimed that the same were admissible to show that nothing became due on the award for damages for leaving the premises, as the plaintiff had never performed his agreement to vacate them. To the admission of this evidence the plaintiff objected because it was irrelevant, and the court rejected it. The defendant claimed, and asked the court to charge the jury, that the award, so far as the same related to damages for vacating the leased premises, was conditional, and that the plaintiff's right to recover depended upon his proving that he had performed the condition by leaving the leased premises on the first day of April, 1858. The court did not so charge the jury, but instructed them that the award was not conditional in this respect, and that the plaintiff might recover, although he had failed to prove that he had kept his agreement to vacate the premises.

The jury having returned a verdict for the plaintiff, the defendant moved for a new trial for errors in the rulings and charge of the court.

*Cleveland* and *Johnson*, in support of the motion.

1. The submission was not the submission of Benjamin White, it being a submission by deed and executed by an agent who had no authority under seal to execute the same. An authority to execute a sealed instrument must be under seal. *Banorgee* v. *Hovey*, 5 Mass., 11. *Warring* v. *Williams*, 8 Pick., 326. It was necessary that the submission should be under seal because it involved a question as to the termination of a lease and therefore as to a "right in real estate." Rev. Stat., tit. 29, § 21. Kyd on Awards, 33–39.

2. The submission not being binding on Benjamin White for want of proper execution, it was not binding on Asa

Spencer for want of mutuality. A submission must be mutual. 2 Greenl. Ev., § 80.

3. Spencer did nothing by which he waived any right, or by which he admitted any authority in the agent of the plaintiff to bind him. It does not appear that, when he went into a trial before the arbitrators, he had any knowledge that the agent had not full authority, and a knowledge of one's rights is essential to a waiver of them; and if the submission was origi_nally void, no acts of his could give it validity.

4. The submission and award were intended to be, and fairly construed are to be taken as conditional, and the plaintiff's performing his part of the condition was necessary to his right of recovery. It was a condition that the plaintiff should vacate . the leased premises, and if the plaintiff was not bound to prove that he had done this, yet the defendant had a right to prove that, instead of doing so under the agreement, he forfeited the lease before that time and was ejected by the lessor by process of law.

*Penrose* and *Martin,* contra.

1. The submission was a valid one. 1st. The title to real estate was not involved in it and therefore it was not necessary that it should be under seal. The matter submitted was, what damages should be paid for the surrender of the lease, which was already agreed on, and not whether the lease should be surrendered. 2d. The submission though under seal was the simple contract of Benjamin White, and the seal was the seal of Lewis White. *Van Ostrand* v. *Reed,* 1 Wend., 424. *Dubois* v. *Delaware & Hudson Canal Co.,* 4 id., 285. *Lawrence* v. *Taylor,* 5 Hill, 107. *Tapley* v. *Butterfield,* 1 Met., 515. 3d. If Lewis White was not originally authorized to make the submission, the want of authority is cured by the subsequent ratification of the plaintiff. *Johnson* v. *Smith,* 21 Conn., 627. *Hewitt* v. *Wheeler,* 22 id., 557. *Cady* v. *Shepherd,* 11 Pick., 400. 4th. The submission is a fact found by the court upon the petition in chancery, and the finding being between the same parties is conclusive in this case. *Betts* v. *Starr,* 5 Conn., 550. *Shelton* v. *Alcox,* 11 id., 240. *Bell* v.

*Raymond,* 18 id., 91. 5th. The defendant, by appearing before the arbitrators and submitting his case to their award, is estopped to deny their authority and has waived all objection to the validity of the submission.

2. The award was properly received in evidence. A seal was not necessary to its validity. An award may be by deed or parol, unless the submission or some statute requires it to be made in a particular manner. Caldwell on Arb., 292. The title to real estate was not involved.

3. The award is unconditional and absolute upon its face; and the court properly so charged the jury, and excluded the evidence offered by the defendant to show that the plaintiff did not vacate the premises as agreed. Even if the evidence was admissible, yet it would have shown only that the plaintiff was ejected by process of law before the time when he was to have left, so that he did in fact vacate the premises earlier than he was bound to do, and it can make no difference whether he did so voluntarily or by compulsion, so long as it was in fact done.

ELLSWORTH, J. As this is an action on an award of arbitrators for a certain sum of money due the plaintiff by the award, there can obviously be no objection in itself to proving both the submission and the award; and none is made to the admission of the award except that it is not under seal. But a seal is never necessary to an award of arbitrators, unless required by the terms of the submission, and in certain cases in this state by positive statute, as where the "right, title or boundaries of real estate" are involved, which is not the case here.

Nor does the rule that an agent can not bind his principal by a sealed contract (where a seal is indispensable) without authority under seal, have any application to the case, because a seal here was of no importance. It added nothing to the force or effect of the submission. And had it been necessary under the common law rule alluded to, yet the submission here was subsequently ratified by the principal, by his petition in the superior court to have it amended and enforced. And

certainly the defendant's testator could have nothing to object after he had proceeded under the submission to have his case heard by the arbitrators and had taken his chance of an award in his favor, and had in fact received the benefit of the submission. These acts of his most clearly created an equitable estoppel, which he can not successfully resist. To us it seems clear that neither party to the award can be heard to deny that there was a preceding submission obligatory upon both of them.

Much was said on the argument as to the necessity of a submission in this case under seal, because it was a submission of a right in a lease and therefore a right in land. But this is clearly an erroneous view of the subject-matter of the submission. No right in land was submitted to the arbitrators or involved in the award, but simply the amount of remuneration to which the plaintiff was entitled for relinquishing one year of his lease, such relinquishment having been absolutely agreed on by the parties.

The submission, it is true, concludes with the general clause, " and shall settle all matters of every kind and description between the parties ;" but of course this includes such matters only as could be legally submitted and tried under such a submission, and the award tells us what these were, and none of them were of a character to require a sealed submission.

The proceedings before the justice, to get possession of the leased premises, by summary process, were clearly irrelevant, and were properly excluded by the court. Neither these proceedings, nor the plaintiff's possession of the premises, though even that in fact had terminated before the first day of April, could have any bearing upon the plaintiff's cause of action, which is the award of damages in his favor for giving up a portion of his lease. Had he not actually left the premises, the award would still be binding on the defendant's testator.

We do not advise a new trial.

In this opinion the other judges concurred.

New trial not advised.