ELIZA LUNT, by guardian, *vs.* JOSEPH STIMPSON.

Cumberland.· Opinion October 10, 1879.

*Practice.*

The judge of the superior court rendered judgment for the defendant, where-upon the plaintiff alleged exceptions : *Held*, that the judge had no author-ity to reopen the case on its merits after receipt of the mandate of the supreme judicial court of "exceptions overruled."

ON EXCEPTIONS.

The facts appear in the opinion.

*C. P. Mattocks*, for the plaintiff.

Every court has power over its own records and proceedings to make them conform to its own sense of justice and truth, so long as they, remain incomplete and until final judgment has been entered.

*Lothrop* v. *Page*, 26 Maine, 119.    *Woodcock* v. *Parker*, 35 Maine, 138.  *Lewis* v. *Ross*, 37 Maine, 230, and cases there cited.   Sawtelle, pet'r, 6 Pick., 110.    *West* v. *Jordan*, 62 Maine, 484.

The granting of a new trial by the court is a matter of discre-tion, the exercise of which by inferior tribunals the higher courts will not undertake to regulate, as that discretion is not governed by any fixed principles.  *People* v. *Superior Court*, 5 Wend., 114.   Tidd's Practice, 904 and 910, and cases there cited.

In the exercise of such discretion the proceedings of the court are not subject to be revised or corrected by writ of error, certior-ari or appeal.  *Houghton* v. *Slack*, 10 Vt., 520.

An application for a rehearing must usually state some reason which would constitute a good ground for a new trial at common law.  *Hunter* v. *Marlboro*, 2 Wood. & M. 168.

There can be no contest in this case upon the point that the decision of Judge Bonney is the same that would be rendered in the supreme judicial court, upon review of this action.

The decisions of this court are sufficiently numerous to satisfy the counsel for defendant, that exceptions will not be sustained, unless the case shows affirmatively that the excepting party has

been aggrieved by the ruling complained of. *Boothbay* v. *Woodman*, 66 Maine, 387. *Decker* v. *Somerset Ins. Co.*, ib. 406. *Soule* v. *Winslow*, ib. 447.

The act establishing the superior court, c. 151, laws of 1868, provides, that said "Court is hereby clothed as fully as the supreme judicial court, with all the powers necessary for the performance of all duties."

In the case of *Mayberry* v. *Morse*, 39 Maine, 105, the court held that after the acceptance of the report of referees, the presiding justice has power to order a re-investigation of the case before the same referees, and the learned judge who drew the opinion makes use of the following language : "The same causes which would suffice for the ordering of a new trial, might ordinarily require a recommitment. When such is the case no reason is perceived why a party should be left to his petition for review, as the only effect of such a course would be to prolong litigation. If either party therefore after a report has been accepted, should for new reasons and on the ground of facts before unknown, move a recommitment, it is the duty of the presiding justice to hear any pertinent evidence relating thereto, which may be offered, and then to determine as in his judgment the legal rights of the party may require.

There is no rule of law which prevents his hearing the motion, receiving the evidence and adjudicating thereupon."

The plaintiff claims that this case shows abundant reasons why a re-hearing of this case is not only manifestly proper, but is really for the best interest of the parties, tending as it does to prevent further litigation and save expense, and at the same time to arrive at a just result of the controversy already prolonged far beyond the pecuniary means of either plaintiff or defendant.

*Henry Orr*, for the defendant.

VIRGIN, J. *Facts.* At the March term 1876, of the superior court, Cumberland Co., Jane A. Brown recovered a judgment, by default, against Eliza Lunt, this plaintiff ; and the execution issued thereon was satisfied in part by a levy upon the real estate of the judgment debtor in the following April.

In the fall and winter next succeeding, a lot of wood was cut on the premises covered by the levy by the authority of the execution creditor and sold to Joseph Stimpson, this defendant.

At the November term 1876, of the probate court, Eliza Lunt was duly adjudged insane and Micaiah H. Bailey appointed her guardian.

On February 5, 1877, Eliza Lunt by her guardian, sued out of the superior court the writ in the action at bar to recover the value of the wood cut as before mentioned, which action was tried by the justice of that court without the intervention of a jury, at the October term thereof, 1877; when the judge gave judgment for this defendant, on the ground that the wood in controversy was cut after the levy upon the land covered by the levy by the authority of the levying creditor, and that Eliza Lunt had failed to redeem the premises, within the year allowed by the statute. To this decision exceptions were alleged, the case went to the law court to settle the law raised thereby, and the action stood continued on the docket of the superior court until the January term, 1879; when a certificate from the law court, "overruling the exceptions," having been received, the defendant moved for judgment.

But prior thereto, to wit: on January 15, 1877, a writ of error was sued out of the supreme judicial court, returnable to and entered at the following April term, in behalf of Eliza Lunt, to reverse the judgment of March, 1876, of Brown against her, on the ground that she was insane when the writ against her was served and had ever since continued so. At the January term, 1879, of the supreme judicial court judgment was rendered reversing the judgment of *Brown* v. *Lunt,* for the cause alleged. Whereupon, at the January term of the superior court, this plaintiff resisted the defendant's motion for judgment in the action at bar and filed a motion for a re-hearing of the action upon its merits alleging the judgment of reversal on the writ of error and claiming judgment for the plaintiff. The judge of the superior court granted the motion of the plaintiff by rehearing the case, found the defendant guilty and awarded judgment against him for the value of the wood; to all which the defendant excepted.

The question, therefore, is, had the judge of the superior court authority to reopen the case after receipt of the mandate of this court "overruling the exceptions."

This question must be decided in the negative. For as already seen, the facts were found by the justice. The facts found were such, as, by applying the law to them, to warrant his ordering a judgment for the defendant. Now one of the principal facts in issue and forming the basis of the judgment for the defendant was that the defendant derived a legal title to the wood through Brown whose title came by the levy. His finding of that fact was conclusive upon the parties. *Mosher* v. *Jewett*, 63 Maine, 84. But the plaintiff's motion asks the justice to revise that finding, even after the law court has in substance ordered a judgment thereon, and find that the defendant had no title to the wood. This he was not authorized to do. For if viewed as a motion in arrest of judgment, R. S., c. 82, § 26 forbade it; while if considered as a motion to set aside the finding because of newly discovered evidence—to wit: the reversal of the judgment which formed the basis of the levy—the justice of the superior court could not entertain it; for that kind of motion, under our practice, is heard only by this court.

There was nothing to be done with this action after the allowance of the exceptions at the October term 1877, except to continue it, until receipt of the certificate from this court; and when that was received judgment should have been entered in accordance therewith under the statute. For if this motion could be entertained and the case re-opened as to title and what might follow, so could any other and an action might be endless.

Although differing in its facts, we perceive no distinction in principle between this case and *Mitchell* v. *Smith*, 69 Maine, 66 ; and if the plaintiff would avail herself of the fact of reversal of the original judgment, the legal remedy is the only one.

*Exceptions sustained.*

*Judgment for the defendant.*

APPLETON, C. J., WALTON, PETERS, LIBBEY and SYMONDS, JJ., concurred.