ALICE V. JONES *vs.* SARAH C. JONES et al.

Penobscot.   Opinion July 10, 1906.

*Practice.   Bill of Exceptions.   What Same Must Set Forth.   Authorized Infer-
ences.   Unauthorized Finding.   Bills and Notes.   Delivery to Agent.   Death
of Maker Before Delivery of Note by Agent to Payee.   Agent's Authority
to Deliver Thereby Revoked.   Delivery on Happening of Contin-
gency.   Burden of Proof.   Evidence.*

1.  An excepting party, if he would obtain any benefit from his exceptions, must set forth enough in the *bill of exceptions* to enable the court to determine that the points raised are material and that the rulings excepted to are both erroneous and prejudicial.  It is not enough that the court can find that the rulings were material or erroneous or harmful, by studying the report of the evidence in support of a motion for a new trial, when it accompanies a bill of exceptions, unless it is made a part thereof.

2.  Assuming, but not deciding, in this case, that the jury were warranted in finding that the signatures of the defendants' decedent upon the back of the notes in suit were genuine, and that the plaintiff, as she claims, was induced to surrender them and forgive the indebtedness by the falsehood and fraud of the defendants, the court is of the opinion that they were authorized to infer further only that the notes were given for a sufficient consideration ; that the defendants' decedent as one of the makers delivered the notes to the plaintiff's husband, who was also a maker, to be delivered to the plaintiff; that the husband was the maker's agent, and not the plaintiff's ; that the agent did not deliver the note to the plaintiff during the lifetime of the maker ; and that the plaintiff was not aware of the existence of the notes until a short time before the death of the maker.  Upon these inferences, the jury was not authorized to find that the notes had been delivered, so as to become liabilities of the maker.

3.  A promissory note generally does not become a liability until delivery. If the maker, having delivered a note to an agent for delivery to the payee, dies before delivery by the agent, the agent's authority is thereby revoked, and a subsequent delivery by him is ineffectual to create a liability.

4.  It is true, however, that when a note is left with a third person to be delivered to the payee on the happening of a contingency the first delivery is complete and irrevocable.  In this case, the evidence fails to show that the notes were left with the agent to be delivered on the happening of a contingency.  The burden to show it was on the plaintiff.

5.  An instruction to the jury without limitation or qualification that if the notes had been delivered as completed instrument by the maker to the agent for delivery to the plaintiff, that delivery might be perfected even after the death of the maker, is deemed to be exceptionable error.

6.  Applying.the foregoing conclusions, it follows that if the verdict for the plaintiff was based upon the counts on the notes, as it might well have been under the instructions, it was clearly wrong, for want of proof of delivery. On the other hand, if based upon the count for money had and received, it is clearly excessive, for part of the amount included in the .verdict is barred by the statute of limitations, and as to part of the remainder, there is no sufficient proof in the record that the money was received by the defendant's decedent or to his use.

On motion and exceptions by defendants. Sustained.

Assumpsit brought by the plaintiff against the defendants, Sarah C. Jones and Alice Maud Shaw in their capacity as executrices of the last will and testament of Silas D. Jones, late of Bangor, deceased.

There were four counts in the declaration, one upon a promissory note for $1500, dated Bangor, February 17, 1896, payable on demand, and purporting to be signed on the face by Silas D. Jones & Sons and on the back by Silas D. Jones. The second count was on a promissory note for $500, dated Bangor, February 8, 1902, payable on demand, purporting to be signed on the face by Silas D. Jones & Sons and on the back by Silas D. Jones. The third count was on a promissory note for $500, dated Bangor, April 14, 1900, payable on demand, purporting to be signed on the face by Silas D. Jones' Sons and on the back by Silas D. Jones. The fourth count was for money had and received.

Plea, the general issue with the following brief statement:

" And for a brief statement of special matter of defense to be used under the general issue pleaded the said defendants further say as to the first count in the plaintiff's declaration, it being the account upon the.alleged note for fifteen hundred ($1500) dollars,.the defendants plead the statute of limitations and aver that their intestate did not at any time within six years next before his death promise in manner and form as the plaintiff in said first count in said writ has alleged against him.

"The defendants further say, that after the making of the said

several alleged promises and after the accruing of the several alleged causes of action in the plaintiff's declaration mentioned, but before the commencement of said action to wit: on the eighth day of July, A. D. 1904; the plaintiff suggested to and agreed with and promised the defendant, Sarah C. Jones, that if she, the said Sarah C. Jones, would not change her last will and testament by the terms of which Storer W. Jones, the plaintiff's husband was to share equally with the remaining children of the said Sarah C. Jones, it being then and there the intention of the said Sarah C. Jones, to change her will, that in consideration thereof she, the said plaintiff, would accept her said promise in full satisfaction and discharge of said promises referred to, and of all claims and demands which she had against the estate of said Silas D. Jones, and that she would destroy or cause to be destroyed said alleged notes declared on in the plaintiff's declaration; and the defendants aver that said Sarah C. Jones then and there did promise the said plaintiff that she would not change her last will and testament, which promise she has ever since kept inviolate, and that thereafterwards, on the 11th day of July, A. D. 1904, the plaintiff did cause said alleged notes declared upon in the plaintiff's declaration to be destroyed in pursuance of her said promise and the terms of her said agreement entered into with the said Sarah C. Jones on the eighth day of July, A. D. 1904, as aforesaid."

The defendants also seasonably made affidavit denying the signatures of the notes and execution of the same, and gave reasonable notice to the plaintiff of their denial or intended denial of such signatures and execution in accordance with Rule X of "Rules of the Supreme Judicial Court."

The action was tried at the October term, 1905, of the Supreme Judicial Court, Penobscot County. Verdict for plaintiff for $2689.14. Defendants then filed a general motion for a new trial, and also took exceptions to rulings admitting certain testimony during the trial, and to certain instructions given to the jury.

The case sufficiently appears in the opinion.

*Louis C. Stearns, T. D. Bailey and J. F. Gould*, for plaintiff.

*P. H. Gillin and Martin & Cook*, for defendants.

SITTING: WISWELL, C. J., SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SAVAGE, J.  Action to recover on three promissory notes, one dated Feb. 17, 1896, for $1500 ;. one dated April 14, 1900, for $500 ; and one dated Feb. 8, 1901, for $500, all purporting to be signed on the face by Silas D. Jones & Sons, and on the back by Silas D. Jones, individually, and payable to the plaintiff.  There is also a count for money had and received.  The action is against the estate of Silas D. Jones, of whose will the defendants are the executrices.  The defendants deny the execution of the notes, and particularly that the individual signature of Silas D. Jones is genuine ; they pleaded the statute of limitations as to the $1500 note ; they claim that the notes never became effective for want of delivery during the lifetime of Silas D. Jones and they assert that the plaintiff, having come into possession of the notes after the death of Silas D. Jones, voluntarily forgave the indebtedness, surrendered the notes to the executrices and consented to their destruction, in consideration of the promise of Sarah C. Jones that she would not thereafter change the provisions of her will in favor of the plaintiff's husband, who was the son of Sarah C. Jones.

Nevertheless, the jury returned a verdict for the plaintiff for the full amount claimed.  And the case now comes before us on the defendants' motion and exceptions.  Of the many exceptions, only one,— that relating to the delivery of the notes,— is open to consideration.  Many times the court has reiterated the rule that an excepting party, if he would obtain any benefit from his exceptions, must set forth enough *in the bill of exceptions* to enable the court to determine that the points raised are material and that the rulings excepted to are both erroneous and prejudicial.  The bill of exceptions must show what the issue was, and how the excepting party was aggrieved.  Error must appear affirmatively.  *Dennen* v. *Haskell,* 45 Maine, 430 ; *Hovey* v. *Hobson,* 55 Maine, 256 ; *Merrill* v. *Merrill,* 67 Maine, 70 ; *Fairfield* v. *Old Town,* 73 Maine, 573 ; *Johnson* v. *Day,* 78 Maine, 224 ; *Nutter* v. *Taylor,* 78 Maine, 424 ; *Smith* v. *Smith,* 93 Maine, 253, and many other cases.  The bill of exceptions in this case, except in one instance to be considered later, is

barren of statements to show that the matters complained of were material, or erroneous or harmful. It is not enough that the court can find all of these characteristics by studying the report of the evidence in support of the motion for a new trial, when it accompanies a bill of exceptions. The bill must be strong enough to stand alone. The court, in considering the exceptions, cannot travel outside of the bill itself. In this respect the court cannot consider the report of the evidence nor the charge of the presiding Justice, unless they are made a part of the bill of exceptions. They are not so made in this case.

It will not be necessary to consider all of the questions argued by counsel. If we assume that the signature of Silas D. Jones upon the notes was genuine, and that the surrender of the notes by the plaintiff was procured by falsehood and fraud, as she now claims, there is still an insuperable difficulty in sustaining the verdict. There was sufficient evidence to warrant the jury in finding that Silas D. Jones negotiated loans at a savings bank on the days and for the respective amounts for which the notes in suit were given ; that the first loan was obtained upon the note of Storer W. Jones, plaintiff's husband, and the second and third loans upon the notes of the plaintiff and her husband, all secured by the plaintiff's mortgages of her own real estate; that the first two loans were procured for the use of the firm of Silas Jones & Sons, of which Silas D. Jones was a member, and the third for the use of Silas D. Jones' Sons, after Silas D. Jones had retired from the original firm ; and that Storer W. Jones was a member of both firms. Upon the assumptions above stated, the jury might properly find, also, that the notes in suit were intended by the makers to be collateral security for the liability of the plaintiff incurred by giving her notes and mortgages. This is what the plaintiff claims. We think too that a verdict based upon the inference that the notes were given as a direct liability in consideration of money procured by the plaintiff for the firm could not in that respect have been disturbed. In such case it would have been expected that the plaintiff was to pay the bank loans, and the signers of the notes in suit to pay them to the plaintiff.

But the defendants contend that, whatever may have been the inception of these notes, they were not delivered to the plaintiff in the lifetime of Silas D. Jones; that so far as the individual liability of Silas D. Jones was concerned, they were left by him in the hands of Storer W. Jones, who as a member of the firm was also one of the makers, to be delivered to the plaintiff; that Storer was the agent for that purpose of Silas, and that Storer's authority to make delivery was revoked by the death of Silas, before delivery. It is not in dispute that Silas D. Jones died August 9, 1903, and that the notes were not delivered into the possession of the plaintiff until the following September. And it is admitted that the plaintiff was in entire ignorance of the existence of the notes until a week or two before the death of Silas, when she says she first learned of it from her husband. And it does not appear that there had ever been any agreement or understanding on her part that notes should be given to her on account of the bank loans.

It is of course well settled that a promissory note does not become a liability until delivery. It is likewise true that when the maker places the note in the hands of a third person merely for delivery to the payee, such third person is the agent of the maker, and not of the payee. And if the maker dies before delivery by the agent, the agent's authority is thereby revoked and a subsequent delivery by him is ineffectual to create a liability. The plaintiff does not dispute the principles thus stated, but she attempts to meet and parry them by another well established doctrine, and that is, that when a deed or other instrument, whose validity depends upon delivery, is left with a third person to be delivered to the grantee, or in case of a note, the payee, on the happening of a contingency, the first delivery is complete, and irrevocable by death or otherwise. See *Hammond* v. *Hunt*, No. 6003, Federal Cases. Sometimes this doctrine is explained by saying that the depositary, in such case, holds in trust for the payee until the happening of the contingency, and that a delivery to the trustee is upon general principles as effectual as a delivery to the cestui would be. The contention of the plaintiff is that the notes were made " as collateral security for the mortgages placed by her upon her property for the benefit of the firm," and that the delivery

of the notes to the payee " was to be conditional upon the happening of a contingency," which contingency was the failure of the makers of the notes " to take care of the mortgages placed for their benefit by the plaintiff upon the property." And assuming this contention to be supported by proof, and showing the contingency had happened, her counsel argue upon the principle of law above stated, that the authority of Storer W. Jones to deliver the notes was not revoked by the death of Silas D. Jones, and that upon such delivery after his death, the notes became liabilities of his estate ; and, further, that although the $1500 note was then upon its face more than six years overdue, yet it was not barred by the statute of limitations, because that statute did not begin to run until the note first became a liability, namely, at delivery to the plaintiff.

If in face of the apparent want of delivery in the lifetime of Silas, the plaintiff, would obtain the benefit of the rule she relies upon, it is incumbent upon her to show that when Silas D. Jones left the notes in the hands of Storer for delivery to her, that delivery was intended to be conditional upon the happening of a contingency. Unfortunately for her theory we are unable to find the proof which sustains her burden. The only contingency suggested was the failure of the makers of these notes to take care of the bank loans, and pay the interest when due. But why does the plaintiff say that the depositary held these notes to be delivered only upon the happening of this particular contingency ? Apparently because this one fits her case. There is no evidence that Silas D. Jones left these notes in the hands of his son to be delivered only upon the happening of any contingency. We know nothing of his particular intention or purpose, or directions further than that it may be inferred that he intended the notes to be delivered. We know nothing whatever about these notes until they are found in the possession of Storer, shortly before the death of Silas. We can only conjecture, and conjecture is not proof. *McTaggart* v. *M. C. R. R. Co.*, 100 Maine, 223. If we might conjecture, we should say that if the notes were intended as security for the liability the plaintiff had incurred, it would be more reasonable to think that the security was intended to become effective from the time her liability attached, than upon the happen-

ing of some future contingency. The plaintiff was liable all the time. Why should she not have been secured all the time? We do not think any legitimate inference can be drawn from the record that the delivery of these notes was to be conditioned upon the happening of a contingency. And therefore the plaintiff must fail as to this contention.

But the plaintiff claims further that there was a constructive delivery of the notes before the death of the maker. She says her husband informed her that he had these notes in his possession a short time before his father's death. We do not need to discuss the effect of a constructive delivery to create a liability upon the notes, for we are unable to persuade ourselves that the mere fact that her husband told her that such notes were in existence, and nothing more, can be regarded as a constructive delivery of them to her.

We conclude therefore that the plaintiff was not entitled to retain a verdict based upon the notes. We turn now to the count for money had and received. If the plaintiff, by mortgage or otherwise, procured money and furnished it to Silas D. Jones for the use of a firm of which he was a member, and there is evidence that she did, then he as a member of the firm became bound in equity and good conscience either to pay her or pay her debt. If he did not do the one, he ought to do the other. And we think she might recover for money had and received.

But there are difficulties here, also. In the first place the claim for the $1500 arose when the firm became indebted to her to that amount in 1896, and that claim became barred by the statute of limitations, even before the death of Mr. Jones. In the next place, the evidence in the case, such as it is, raises the inference, we think, that the third loan was procured for, and received by the firm of Silas D. Jones' Sons, and not for the firm of Silas D. Jones & Sons, Silas D. Jones having gone out of the firm several months before the loan was procured. The verdict for the full amount of the loans, and interest was excessive, therefore, even if based upon the count for money had and received.

And in the absence of special findings by the jury, the last difficulty is that we have no means of knowing whether they founded

their verdict upon the notes, in which case it was wholly wrong, or upon the count for money had and received, in which case it might be only excessive. From the amount of the verdict we incline to think that it was based upon the notes themselves. Under the instruction of the court, upon the undisputed evidence, the jury might well find a perfected and valid delivery of all the notes.

Although the motion to set aside the verdict must be sustained, it is expedient to examine the defendants' one exception that is open to consideration. The jury were instructed to the effect that if the notes had been delivered as completed instruments by Silas D. Jones to Storer, (one of the members of the firm) to deliver to his wife, "that delivery might be perfected, even after the death of Silas." While such an instruction, as we have seen, might be correct under some circumstances, and a delivery to an agent for future delivery to the payee upon the happening of a contingency might be effective, yet, we think, as applied to the evidence in this case, the rule given without limitation or qualification must be deemed to be exceptionable error.

*Motion and exceptions sustained.*