ALDEN J. VARNEY *vs.* CHARLES H. McCLUSKEY.

Aroostook.    Opinion December 7, 1915.

*Agreement in writing.        Contract.        Evidence.        Market value.*
*Memorandum book.        Sale.        Special market.*

An action of assumpsit for the recovery of damages for alleged breach of a
  written agreement for the growing of potatoes and the delivery of a
  certain percentage of the crop between certain dates by plaintiff and pay-
  ment by defendant at an agreed price for the potatoes so delivered.

*Held:*

1. Where, subject to objection, written evidence is read to the jury, and
   such evidence is not made part of the bill of exceptions and does not appear
   in the record, exceptions to its admission will be overruled, although at
   the argument counsel agree to characterize it as a recommendation.

2. Evidence of the market value of goods at a time other than that agreed
   upon for their delivery is not admissible upon the question of damages
   for non-delivery, where its admission may have been prejudicial to the
   excepting party.

On motion and exceptions by the defendant.    Motion not con-
sidered.    Exceptions sustained.

This is an action on the case, based on a written contract between
the parties, to recover damages for non-delivery of potatoes, as set
forth in said contract.    Plea, the general issue.    The jury returned
a verdict for the plaintiff for $367.93.    Defendant filed exceptions
to the admission of certain evidence and a general motion for a new
trial.

The case is stated in the opinion.

*R. W. Shaw,* for plaintiff.

*Hersey & Barnes,* for defendant.

SITTING:  SAVAGE, C. J., SPEAR, KING, BIRD, HANSON, JJ.

BIRD, J.    This action of assumpsit is brought to recover damages
for the alleged violation of a written agreement executed by the par-
ties on the fifteenth day of May, 1913.    By the agreement the

defendant undertakes to purchase of the plaintiff forty barrels of "New Snow" potatoes for the sum of two hundred dollars, to plant and cultivate the forty barrels in a specified manner, to grow one prize acre for which he is to receive a prize, if certain results be accomplished, and "to dig and store said potatoes, so grown from said seed as aforesaid, and at any time between the digging of the same and the first day of April, 1914, at the option of said Varney, said McCluskey is to load eighty-five per cent of said potatoes so grown, on cars at said Houlton, ready for shipment." The plaintiff, on his part, agrees to sell the forty barrels of said potatoes, to pay the prize "that, when said eighty-five per cent of said potatoes are so loaded for shipment by said McCluskey as aforesaid, he will pay said McCluskey the then market price of good merchantable Green Mountain table stock potatoes, and in addition to that price the sum of fifty cents per barrel extra, . . . ." The plea is the general issue, and, the jury rendering a verdict for the plaintiff for $367.93, the defendant filed a bill of exceptions and the general motion for new trial.

It is agreed that eighty-five per cent of the potatoes raised is 725 barrels and that the market price of Green Mountain potatoes of the character mentioned in the contract on the last days of March, 1914, was $1.75 per barrel.

At the trial plaintiff offered a memorandum book containing an entry made by defendant under date of November sixth, 1913, relative to the New Snow potatoes raised by him pursuant to the contract. . Subject to objection, the entry was allowed to be read to the jury. The entry read does not appear in the printed record and the book is not before us. It was agreed at the argument that the entry was in effect a recommendation of the potatoes produced. It was avowedly offered by plaintiff to "show my special market price of $5 per barrel."

It does not appear from the bill of exceptions nor from the report of the evidence, which is made part of the bill, that the ruling was erroneous and prejudicial. The agreement of parties as to the character of written evidence is not to be received in place of the evidence itself which was the subject of the ruling below. Without the writing, it cannot be determined if a ruling admitting or rejecting it be correct or not nor if its admission or rejection were

harmful to the excepting party. *Jones* v. *Jones,* 101 Maine 447, 450; *Doylestown Agricultural Co.* v. *Brackett etc. Co.,* 109 Maine, 301, 308; *Drapeau* v. *Breton,* 114 Maine,        . The exception is therefore overruled.

One Haines, called by the plaintiff, was permitted to testify, subject to objection and exceptions, that the market price of New Snow potatoes in May, 1914, was five dollars per barrel, all the other witnesses called by plaintiff upon the question of damages having testified that the market price on the last days of March, 1914, was five dollars. The evidence was inadmissible; *South Gardiner Lumber Co.* v. *Bradstreet,* 97 Maine, 160, 170. It is impossible to determine how the jury reached its verdict. Whether it found, upon the one hand, that one hundred and forty barrels were ordered out and agreed to be delivered on the thirtieth of March, and fixed the damages at two dollars and fifty cents per barrel, or, upon the other hand that seven hundred and twenty-five barrels were seasonably demanded and cars provided to receive them, and fixed the damages at fifty cents a barrel, in either case making an allowance for interest. If the former, the evidence admitted was prejudicial to defendant. If the latter, the jury having disregarded the theory of plaintiff as to damages as well as the testimony of his witnesses as to market price, it was not. But it should not be overlooked that if a seasonable demand was made on the thirty-first day of March there is no evidence that plaintiff furnished cars on that day for the reception of the potatoes or that the parties agreed upon any substituted place or method of delivery.

Such being the case we think the exceptions must be sustained.

This conclusion renders it unnecessary to consider the motion for new trial.

*Exceptions sustained.*