STATE OF MAINE
*vs.*
KENNETH WHITE

Aroostook.   Opinion, February 2, 1950.

PER CURIAM.

The respondent herein, a boy between the ages of 9 and 17 years, was charged with "leading an idle or vicious life," as defined in R. S., 1944, Chap. 23, Sec. 91, on June 17, 1948, when he was 15 years old. He was adjudged guilty in the Caribou Municipal Court on June 23, 1948, and ordered committed to the State School for Boys. His appeal from

that commitment, to the Superior Court, was dismissed at the November Term therein following, on motion of the State, on the ground that the right of appeal conferred by R. S., 1944, Chap. 23, Sec. 92, as in effect then and at the time of respondent's commitment, was limited to girls committed to the State School for Girls, and that the appeal provided for any child (his next friend or guardian) by R. S., 1944, Chap. 133, Sec. 6 was available only for those found guilty of juvenile delinquency on the basis of conviction for some specific crime, juvenile delinquency being the only finding of guilt which can be made under R. S., 1944, Chap. 133, Secs. 4 to 7 inclusive, according to the express mandate of R. S., 1944, Chap. 133, Sec. 2.

The respondent has taken no action to prosecute his exceptions to the dismissal of his appeal, alleging the controlling force of the appeal provision of R. S., 1944, Chap. 133, Sec. 6. They were entered in the Law Court at the January 1949 Term, and continued therein from term to term until the December 1949 Term. The brief record and a written argument for the State were filed on October 12, 1949. Oral argument for the State was waived at said December Term and the respondent was ordered, pursuant to Rule 6 of the rules applicable to proceedings in the Law Court, to argue in writing, within 30 days. 129 Me. 523 at 525. No brief or argument on his behalf having been filed within the time limited, the case must be decided under the rule, "without argument" on his behalf.

The contention of the respondent is answered amply by a reading of the two statutes, since the principle is thoroughly established that statutory language which is clear and unambiguous must be held to mean what it declares plainly. *Davis* v. *Randall*, 97 Me. 36; 53 A. 835; *Inhabitants of Wellington* v. *Inhabitants of Corinna*, 104 Me. 252; 71 A. 889; *Van Oss et al.* v. *Premier Petroleum Co.*, 113 Me. 180; 93 A. 72. The field of operation of R. S., 1944, Chap. 23, Sec. 92 was controlled, prior to the amendment carried in

P L., 1949, Chap. 71, by the word "girl", describing those granted a right of appeal by its terms. The 1949 amendment extended its operation to "minors", but while the respondent would be entitled to an appeal against such a commitment as he seeks to set aside if made presently or at any time after P. L., 1949, Chap. 71 became effective, the enlarged law has no bearing on the propriety of the dismissal of the appeal here in question.

The field of operation of the appeal provided in what is now R. S., 1944, Chap. 133, Sec. 6, since it was written therein by P. L., 1943, Chap. 177, is equally clear. That right of appeal is not such a personal right as is carried by R. S., 1944, Chap. 23, Sec. 92, but is available to "any child or his next friend or guardian" against any sentence imposed under the particular section of the statutes of which it is a part. The section is part and parcel of our juvenile delinquency law which vests exclusive original jurisdiction over offenses committed by children under the age of 17 years, with exceptions not now pertinent, in our municipal courts, constitutes them as "juvenile courts" when considering such offenses, and restricts their judgments or adjudications of guilt to findings of guilt of juvenile delinquency. R. S., 144, Chap. 133, Sec. 2. It is from such a judgment or adjudication, and no other, that the appeal provided by R. S., 1944, Chap. 133, Sec. 6 may be taken.

*Exceptions overruled.*

*James P. Archibald,* for the State.

*Francis A. Walsh,* for respondent.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, JJ.