DORIS BRADFORD
*vs.*
JAMES M. DAVIS AND BESSIE E. DAVIS

DORIS BRADFORD
*vs.*
MERRILL F. DRISKO

Washington.    March 10, 1955.

*William Silsby,* for plaintiff.

*Dunbar & Vose,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, BELIVEAU, TAPLEY, JJ. WEBBER, J., did not sit.

WILLIAMSON, J. These petitions in two cases to establish the truth of exceptions disallowed by a Justice of the Superior Court present identical issues. R. S., c. 94, § 14 (1944), now R. S., c. 106, § 14 (1954); Revised Rules of Court 40, 147 Me. 481 (1952).

A petition for writ of review in the *Drisko* case was entered in the Superior Court in Washington County on November 14, 1952 returnable at the February term 1953. The docket entries read in part as follows:

| | |
|---|---|
| "Oct. T/53, 9, | Hearing had and by agreement decision to be rendered by the presiding justice in vacation as of this term, with right of exceptions reserved as to rulings of law. Extended bill of exceptions, if filed, to include the petition as filed, defendant's motion to dismiss as filed, certified copies of docket entries in Bradford vs. Drisko, October Term 1947 #29, Bradford vs. Drisko, October Term 1950 #87, Bradford vs. Drisko, October Term 1951, #216, as filed by the defendant, and all papers in dockets as filed in Bradford vs. Drisko, October Term 1950 #87, and Bradford vs. Drisko, October Term 1951, #216. |
| Dec. 30, '53 | Writ denied. |
| 1/28/54 | Bill of Exceptions filed and allowed. Extended Bill of Exceptions to be filed on or before August 1, 1954. Transcript of evidence to be filed on or before September 1, 1954. |
| 7/30/54 | Extended date of filing Bill of Exceptions to Sept. 1, 1954. |

Extended time of filing transcript
of evidence to Oct. 1, 1954.
8/6/54      Extended Bill of Exceptions filed.
8/31/54    Exceptions disallowed."

The plaintiff thereafter filed the present petition which the defendant answered. Depositions of witnesses were taken by a commissioner appointed on motion of the defendant.

It is unnecessary, in our view, to consider or pass upon two issues raised by the defendant. First—the defendant moved in this cause to dismiss the petition on the ground that the printed case did not show an entry relating to filing depositions and did not contain the depositions mentioned above. Second—the defendant urged that the court had no authority to extend the time for filing the extended bill of exceptions from August 1, 1954 to September 1, 1954, on the ground that neither the defendant nor his attorneys waived or consented to such extension.

The issue presented by the defendant relating to the sufficiency of the bill of exceptions is decisive of the case, and we base our decision thereon.

It is plain from reading the bill that the plaintiff has not included therein by reference or otherwise the material specifically set forth in the docket entry at the October Term 1953. A copy of the findings and formal written report of the Referee in the action, and a copy of the writ and declaration were attached to the bill and made a part thereof. The bill, however, does not include the motion to dismiss, and several certified copies and other papers described in the docket entry. In brief, the plaintiff has not complied with the terms of the agreement. The bill of exceptions which the presiding justice declined to sign, and which is now presented to us, does not meet the requirements of the docket entry. The governing principle was stated in *Jones* v. *Jones*, 101 Me. 447, 451, 64 A. 815 (1906) in these words:

> "The bill must be strong enough to stand alone. The court, in considering the exceptions, cannot travel outside of the bill itself."

The plaintiff here considered it unnecessary to include the material set forth in the docket entry of October Term 1953. It is clear that without the material the bill is not complete, and therefore under our practice cannot be considered. *Bradford* v. *Davis, et al.,* 143 Me. 124, 56 A. (2nd) 68 (1947). See also the informative address by Justice (later Chief Justice) Merrill on "Some Suggestions on Taking a Case to the Law Court" in Vol. XXXX Maine State Bar Association 175 (1951).

The entry in each case must be

*Petition to establish truth of exceptions dismissed.*