GARDNER R. MORRILL, APPELLANT
*vs.*
ERNEST H. JOHNSON, STATE TAX ASSESSOR

Cumberland.   Opinion, April 18, 1958.

*Edward J. Beauchamp,*
*Daniel Murphy,* for plaintiff.

*Ralph Farris,* for State.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, JJ. BELIVEAU, J., sat at argument but retired before the opinion was adopted.

DUBORD, J.   On April 6, 1954 the State Tax Assessor assessed a tax against the appellant under the provisions of § 18, Chapter 14A, R. S., 1944, enacted as Chapter 250, P. L., 1951, and known as the Sales and Use Tax Law, Section 18, is now § 20, Chapter 17, R. S., 1954.

Appellant filed a petition for reconsideration of the assessment and after a hearing the assessment was affirmed. On April 6, 1954, appellant filed an appeal which was entered at the June 1954 Term of Superior Court in Cumberland County.  This appeal was filed pursuant to the provisions of § 30, Chapter 14A, R. S., 1944 (Chapter 250, P. L., 1951).

This section provides that the appellant shall "file an affidavit stating his reasons of appeal and serve a copy thereof on the assessor, and in the hearing of appeal shall be confined to the reasons of appeal set forth in such affidavit."

The affidavit sets forth five reasons of appeal. The first three merely recite in substance that a tax has been assessed pursuant to certain named sections of the statute.

The fourth reason for appeal reads as follows:

"Appellant affirms that under § 10 of Chapter 250, Laws of 1951 the assessment is in error."

The fifth reason of appeal was waived during progress of the hearing.

At the November 1954 Term of the Superior Court, the matter was referred with right of exceptions reserved in matters of law. The referee filed a report sustaining the State Tax Assessor. The appellant filed objections to the acceptance of the report. The report was accepted and appellant filed an extended bill of exceptions.

In *Morrill* v. *Johnson,* 152 Me. 150; 125 A. (2nd) 663, this court sustained the exceptions on the ground that the statute authorizing an appeal from an assessment of the State Tax Assessor did not permit a reference. See § 30, Chapter 14A, R. S., 1944, (Chapter 250, P. L., 1951) now § 33, Chapter 17, R. S., 1954.

Following the certification of the case by the Law Court, it was heard, upon agreement of the parties, by a Justice of the Superior Court in vacation, upon the original record taken out in the hearing before the referee. Rights of exception were reserved.

The Justice of the Superior Court sustained the assessment of the State Tax Assessor and dismissed the appeal.

To this ruling, the appellant excepted and filed his extended bill of exceptions.

It is to be noted that the bill of exceptions does not make the evidence a part of the record. Neither are the reasons for appeal incorporated into the record.

" 'The excepting party is bound to see that the bill of exceptions includes all that is necessary to enable the court to decide whether the rulings of

which he complains were or were not erroneous. Failing to do so, his exceptions must fail.' " *Bronson Aplt.*, 136 Me. 401, 402; 11 A. (2nd) 613; *Bradford* v. *Davis et al.*, 143 Me. 124, 128; 56 A. (2nd) 68.

"The complete report of evidence taken in any case is not necessarily a part of a bill of exceptions unless the bill of exceptions states that it is a part. *Doylestown Co.* v. *Brackett Co.*, 109 Me. 301; 84 A. 146; *Jones* v. *Jones,* 101 Me. 447; 64 A. 815. The court cannot go outside the bill itself to determine that rulings are erroneous and prejudicial, even if the evidence accompanies the bill. The bill itself must state the grounds of exceptions in a summary manner. The bill must be 'able to stand alone.' "

*Bradford* v. *Davis, supra.*

In order to find the reasons of appeal, it has been necessary for us to go to a record which was not made a part of the case. To insure that the rights of the appellant may be accorded full protection, we have, nevertheless, given consideration to the sole alleged reason of appeal. By statute, the appellant is confined to the reasons of appeal set forth in his affidavit. In his reason for appeal, appellant has referred to Section 10, Chapter 250, P. L., 1951. We assume that he means Section 10, Chapter 14A, R. S., 1944, which section is a subsection under Section 1 of Chapter 250, P. L., 1951. This particular section relates to exemptions from the Sales and Use Tax and at the time this case was heard, there were nineteen subparagraphs of Section 10.

This court is not apprised by the reason set forth by appellant of what errors he claims exist. The reason is vague, ambiguous and entirely inadequate.

This case was in order for argument at the February 1958 Term of the Law Court. Appellant, not having filed his brief, pursuant to the provisions of Rule 6 of the Rules applicable to Proceedings in the Supreme Judicial Court, was

ordered to argue in writing within thirty days. No brief or argument on his behalf having been filed within the time limited, the case must be decided under the Rule "without argument." See *State of Maine* v. *White*, 145 Me. 381, 382; 71 A. (2nd) 271.

In dismissing the appeal, the judge who heard the case and to whose finding the present exceptions were filed, adjudged that the deficiency assessment complained of was made in accordance with the provisions of the Sales and Use Tax Law.

We find no justification for disturbing this ruling.

*Exceptions overruled.*