STATE OF MAINE
*vs.*
GEORGE FLEMING

Penobscot.   Opinion, October 13, 1959.

*Orman G. Twitchell,* for plaintiff.

*Peter Briola,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

DUBORD, J. This case is before the court on respondent's exceptions to a denial of a motion to dismiss for alleged lack of jurisdiction.

Upon complaint of an Inland Fish & Game Warden, addressed to the Lincoln Municipal Court, the respondent was charged with the violation of Section 77, Chapter 37, R. S., 1954, *viz.,* unlawful hunting in the night time. Upon this complaint, the recorder of the Lincoln Municipal Court issued a warrant. The respondent was apprehended by the Inland Fish & Game Warden and was found guilty in the Lincoln Municipal Court. He appealed to the Superior Court within and for the County of Penobscot. On the first day of the term, the respondent attacked the jurisdiction with the filing of a motion to dismiss the proceedings.

The denial of the motion was followed by a jury trial, a verdict of guilty, and imposition of sentence.

The motion alleges in substance that the complaint and warrant do not establish a basis for jurisdiction, for the reason that neither have allegations conforming with the provisions of the statute establishing the Lincoln Municipal Court or with the provisions of Section 3, Chapter 108, R. S., 1954, as amended by Section 45, Chapter 405, P. L., 1955. The Lincoln Municipal Court was established by Chapter 85, Private and Special Laws of 1947.

The powers of the recorder are set forth in Section 1, Chapter 85 as follows:

"The recorder and the judge shall have equal authority in criminal cases to hear and draft complaints, administer oaths, take bail and sign all processes or commitment. All processes issued by the recorder in criminal matters shall bear the seal of the court and be signed by him, and they shall have the same effect as though signed by the judge.

"When the judge is absent from the court room, or is interested, or if the office of the judge is vacant, it shall be the duty of the recorder and he shall have authority to exercise all powers of the judge."

The amendment to Section 3, Chapter 108 reads as follows:

"In case of the absence, sickness or disqualification of a judge of a municipal court, or in the event of a vacancy in the office of said judge, or at any other time at the request of said judge in order to expedite business, the recorder shall have the same powers as said judge, . . . . ."

It is the contention of the respondent that in order for the process issued by the recorder to be valid there must be contained therein a statement accounting for the absence of the judge.

In the light of the provisions of Section 6, Chapter 108, R. S., 1954, we find no legal support for this contention. Section 6 provides that:

"The signature of the recorder or clerk of any municipal court to a complaint, warrant, mittimus, writ or other document, purporting to come from the court of which he is recorder or clerk, shall be sufficient evidence of his authority to issue the same, *without in any way accounting for the absence or presence of the judge of said court.*" (Emphasis supplied.)

Section 6, Chapter 108 was originally enacted as Chapter 51, P. L. of 1907, and while the enactment of the statute creating the Lincoln Municipal Court postdates the original enactment of the foregoing section, we find no inconsistency as between the provisions of the special act setting up the Lincoln Municipal Court and the provisions of the general law.

Moreover, all doubts are resolved by the fact that by Section 2, of Chapter 140, Private and Special Laws of 1953, all municipal court charters were amended by incorporating therein provisions similar to those found in Section 3, Chapter 108, R. S., 1954.

Counsel for the respondent, in his argument addressed to this court, also contends that the process is invalid because of failure to comply with the provisions of Section 2, Chapter 85, Private and Special Laws of 1947, the act creating the Lincoln Municipal Court. This section provides in part as follows:

> "All writs and processes shall be in the name of the state and bear the teste of the judge or of the recorder acting as judge, under the seal of the court."

There is no such allegation in respondent's motion to dismiss nor is this point contained in the bill of exceptions. The respondent is, therefore, precluded from pursuing this argument. A bill of exceptions must state the grounds of exceptions in a summary manner, and a bill of exceptions must show what the issue was and how the excepting party was aggrieved. *Jones* v. *Jones,* 101 Me. 447; 54 A. 815; *Heath et al, Applt.,* 146 Me. 229, 233; 79 A. (2nd) 810.

The entry will be:

*Exceptions overruled.*

*Judgment for the State.*