JAMES FISH *vs.* CHARLES BAKER.

Waldo. Opinion August 2, 1882.

*Exceptions. Practice.*

Upon a hearing on a writ of *habeas corpus*, the discharge of the petitioner was denied. After the close of that term, (October, 1881,) on June 1, 1882,

in vacation, exceptions were filed as of the October term, 1881, by permission of the justice presiding at that term. *Held,* That the exceptions were not seasonably filed.

The court will hardly entertain a case for the purpose of deciding questions which, so far as the parties are concerned, are merely speculative.

ON EXCEPTIONS.

Writ of *habeas corpus.* The respondent was the keeper of the jail. A hearing was had before the court at the October term, 1881, and the following are the docket entries:

"October term, 1881. Hearing had. Discharge refused. Prisoner remanded."

"June 1, 1882. Exceptions filed and allowed as of the last day of the October term, 1881, by order of the court."

At the time the exceptions were filed, the following statement and order of the justice who presided at the October term, 1881, were filed in the case:

"In this case exceptions were prepared at the term at which the rulings were given, October, 1881. They were then presented to me, but for some reason they were not allowed; and the docket does not show that they were filed. In the vacation after the April term, 1882, the exceptions were sent to me for my signature, by Judge Knowlton, attorney for petitioner, and I signed them, supposing the docket was right, and that the only error was on my part in omitting to sign. On my sending the exceptions so allowed, to Mr. Bliss, attorney for respondent, for his examination, he objects to their allowance on grounds stated in the protest which he has filed. I am satisfied from the statement of Judge Knowlton, that he intended to insist upon his exceptions, and that he supposed they were duly filed and allowed; the fault being either on my part or the result of a misapprehension between him and me. In order that the excepting party may not be deprived of any right through an omission on my part, I wish to allow the exceptions now as of the October term, if I have authority to do so.

"I therefore direct the clerk to enter them on the docket as allowed on the last day of the October term, 1881; and order

that the docket entries in the action, the protest of the respondent, and this statement make part of the exceptions as printed for the law court."

The following is the protest of the respondent's attorney :

"A hearing in the above matter was had at the October term, 1881, and the prayer of the petitioner denied. At that term no exceptions were filed or allowed, nor at the two intervening terms since. But on the first day of June, 1882, exceptions were allowed and filed to which I respectfully protest. It appears on clerk's docket that 'hearing was had, discharge refused, and petitioner remanded.' There the case stopped. No exceptions were filed, neither does the docket show they were to be filed.                  Hiram Bliss, Jr. attorney for respondent."

Belfast, June 1, 1882."

*J. W. Knowlton*, for the petitioner.

*Hiram Bliss, Jr.* for the respondent.

APPLETON, C. J. The judgment denying a discharge of the petitioner and to which exceptions are now alleged, was rendered October T. 1881, but it does not appear from the docket that exceptions were then taken, or that any agreement was made or consent given, that they might be filed at a subsequent term. On their face they are not within the statute, not having been signed until June 1, 1882, and then in vacation. R. S., c. 77, § 21.

Further, it is conceded by both counsel that the petitioner has since been legally discharged from prison by taking the poor debtor's oath. The order for a discharge, if it could be legally made, has become unnecessary and the court will hardly entertain the case for the purpose of deciding questions, which so far as these parties are concerned, are merely speculative. *Tufts* v. *Maines*, 51 Maine, 393.

Neither is this a case reported by the presiding judge, within R. S., c. 77, § 13. It is simply a case of exceptions which

appear not to have been filed in season and when no delay was asked for or given.

*Exceptions overruled.*

WALTON, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.