† SMALL *versus* SACRAMENTO NAVIGATION AND MINING CO.

In an action upon an order drawn upon a company and purporting to be accepted by the directors thereof, where its execution is denied, without proof of the handwriting of the acceptors, and that they were directors, a nonsuit may properly be ordered.

A party excepting to the rulings of the presiding Judge, in excluding evidence by him offered, must present such evidence for the consideration of the Court of law, or the presumption arises that he has no just ground of complaint.

ON EXCEPTIONS from *Nisi Prius,* CUTTING, J., presiding. ASSUMPSIT, on the following order : —

"$53 58.                              " Cherryfield, Nov. 7, 1849.

. " To the Directors of the Sacramento Navigation and Mining Company.

" Please pay to the order of Calvin L. Small, from the first proceeds of said Company, that shall be payable to me, the sum of $53,58, and interest therefor from date, it being the balance due upon an execution said Small holds against me, on which I have given a bond with sureties, which bond is to be discharged upon your acceptance hereof.

" E. F. Jacobs."

On this order was written : — " Accepted, Sacramento Navigation and Mining Company, by their directors, Samuel Burbank, Horatio N. Plummer, B. W. Farrar, J. D. Pulsifer, Daniel P. Lake, Jared C. Nash."

The execution of this paper was denied, and proof of the handwriting of all the parties thereto was offered, with the exception of Daniel P. Lake.

No other evidence as to this order, or who were directors of the company, was in the case.

The plaintiff offered evidence that this company had an office in Cherryfield; that the witness had there seen a paper resembling the one he then held, but could not say it was the same paper.

This paper was offered and excluded by the Judge.

He also read a deposition and papers attached to it, and also a paper signed by the defendants' attorney.

What these papers were, or the character of the deposition, does not appear, as they were not presented to the Court.

The plaintiff also offered the deposition of one Adams, which was objected to for a defect in the caption, and excluded.

No evidence was offered by defendants, and they moved a nonsuit, which was ordered.

If, on the case presented by plaintiff, this order was right, and the rulings as to the admissibility of the evidence rejected were correct, the nonsuit was to stand; otherwise a new trial to be ordered.

*B. Bradbury*, for defendants.

*W. Freeman*, for plaintiff.

RICE, J. — This action is based upon an order purporting to be drawn by one E. F. Jacobs, upon the directors of the Sacramento Navigation and Mining Company, in favor of the plaintiff, and accepted by six persons, whose names appear upon said order, as directors of said company. The execution of this paper was denied by the defendants. Proof was offered of the handwriting of the drawer and of five of the persons by whom it was accepted. As to the handwriting of the other acceptor there was no proof; nor was there any proof, that any of the persons, by whom said order was accepted, were directors of said company. This paper was properly excluded by the Court. The paper testified to by Mr. Freeman, was also properly excluded. It was not identified as a paper belonging to the defendants.

As to the depositions referred to in this case, which were excluded, we cannot speak as no copies have been furnished. It is the duty of the party who complains that evidence offered by him has been erroneously excluded, to present such evidence for the consideration of the Court. If he fails to do so, the presumption arises, that he has no just cause for complaint.

So far as appears from the case, or the papers which have

come to our hands, the rulings of the Judge before whom it was heard were entirely correct.

*The exceptions are therefore overruled.*