CHARLES DUNN

*vs.*

THE AUBURN ELECTRIC MOTOR COMPANY.

Androscoggin.    Opinion November 25, 1898.

*Exceptions. Practice. Pleading. Assumpsit. Covenant.*

The certificate of the presiding justice that exceptions have been "allowed" is conclusive as to the regularity of the filing and allowance of the exceptions.

Assumpsit does not lie for the breach of an instrument under seal wherein the defendant covenanted to manufacture and deliver to the plaintiff an electric motor properly set up and connected, and in running order, and which it was warranted should be "all right."

Nor can such sealed instrument be used as evidence to support such an action of assumpsit.

ON EXCEPTIONS BY DEFENDANT.

This was an action of assumpsit for an alleged breach of warranty in the manufacture of an electric motor. The defendant was a manufacturer of electric motors in the city of Auburn; the plaintiff was a brick maker and bargained with the defendant for an electric motor to be used to run his brick machines. The contract for the manufacture of the motor and the warranty of the same by the defendant was in writing, signed by the treasurer, under the seal of the corporation.

At the trial the plaintiff offered this written instrument under seal in evidence, and the court admitted the same against the objection of the defendant, to which the defendant seasonably

excepted, because the instrument being under seal is not admissible under this declaration. The jury returned a verdict for the plaintiff of $210.

The motor was manufactured and set as to time according to the contract; and was used by the plaintiff in the seasons of 1894, 1895 and 1896, but as he claims the motor did not do good work and the interruptions caused by the same in his business made him great loss of time of his men.

At the hearing on the bill of exceptions before the law court, the plaintiff filed a motion, in substance as follows, to dismiss the case from the law docket:

"And now comes the plaintiff in the above entitled case and moves that the defendant's exceptions be dismissed, because they were not presented and filed in conformity to law and the rules and practice of the court. The case was tried at the January term, 1898, in Androscoggin County. No exceptions were prepared and submitted to plaintiff's counsel until the latter part of June, 1898.

"Exceptions were then irregularly and improperly allowed by the presiding justice against the written protest of plaintiff who refused to consent to the exceptions. No provision was ever made with plaintiff for extending the time of filing exceptions. Plaintiff files with this motion a copy of the court docket in this case duly attested by the clerk, showing time of trial, and time of filing exceptions, and also affidavit of plaintiff's attorney that he protested in writing to the presiding justice against the defendant's exceptions being allowed in June, 1898.

*Tascus Atwood,* for plaintiff.

Counsel cited in support of his motion: *Fish* v. *Baker*, 74 Maine, 107; *McKown* v. *Powers*, 86 Maine, 291, and cases there cited; *Doherty* v. *Lincoln*, 114 Mass. 362; *Com.* v. *Greenlaw*, 119 Mass. 208; *Conway* v. *Callahan*, 121 Mass. 165; *Phillips* v. *Soule*, 6 Allen, 150; R. S., c. 77, § 51.

In 1894 due warning was given all practitioners in Maine that the statute would be lived up to. The closing sentence in *McKown* v. *Powers*, is as follows: "Hereafter, however, exceptions must be

seasonably and properly taken, and be presented in the summary manner required by the statute, or they will be dismissed without further consideration."

Counsel also cited on the principal question : 2 Pars. Cont. 5th Ed. p. 712, where the author says : "It has been, indeed, held that when a seal adds no actual strength to the contract and does not interfere with the intention of the parties which is adequately expressed and effected by the instrument regarded as a simple contract, then the seal may be treated as mere surplusage." "And if an agent having no authority to affix the seal of his principal, puts it to an instrument which would be valid without a seal, the seal is mere surplusage." See also *Brainerd* v. *N. Y. & H. R. R.*, 25 N. Y. 496; *Ide* v. *R. R.*, 32 Vt. 297; *White* v. *Fox*, 29 Conn. 570; *Cent. Nat'l Bank.* v. *C. C. & A. R. R.*, 5 So. Car. 156, S. C. 22 Am. Rep. 12. In the case last cited the seal was considered unnecessary, a consideration being expressed in the contract.

*J. P. Swasey and E. M Briggs*, for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, STROUT, SAVAGE, JJ.

SAVAGE, J. At the threshold of this case a question of practice is presented.

In the law court, the plaintiff filed a motion that defendant's exceptions be dismissed "because they were not presented and filed in conformity to law and the rules and practice of the court." By the certificate of the presiding justice, it appears merely that the exceptions were "allowed." There is no qualification or limitation whatever. We think this certificate is, and should be, conclusive as to the regularity of the filing and allowance of the exceptions. It happens occasionally, through the exigencies of the business of the court, that it is inconvenient or practically impossible for counsel to draft a bill of exceptions after a trial and during so much of the term as remains, in accordance with statute requirements. It is competent for the parties, with the consent of the presiding justice, to waive, expressly or impliedly,

these requirements.　Such is not an uncommon practice.　But in such case, at whatever time, in point of fact, the exceptions are actually filed, the certificate of the presiding justice that they are "allowed" is his official decision that they are regularly and properly filed and allowed.　And this decision, like so many other decisions of the court at nisi prius upon questions of fact, is not reviewable by the law court.　In *Fish* v. *Baker*, 74 Maine, 107, cited by the plaintiff, the presiding justice incorporated in the exceptions his statement showing that they were not seasonably filed, and not showing that the statute provision had been waived, and said "I wish to allow the exceptions now as of the October term, if I have authority to do so."　This was only a conditional allowance of the exceptions, and was not a decision that they were seasonably filed, but rather the contrary.　In *McKown* v. *Powers*, 86 Maine, 291, also cited by the plaintiff, the time of filing the bill of exceptions was not considered.

We now pass to a consideration of the principal question in the case, which is primarily one of pleading.　The plaintiff declared in assumpsit, alleging that the defendant agreed to manufacture and deliver to the plaintiff at his brick-yard in Auburn, properly set up and connected and in running order, one ten-horse electric motor, which motor the defendant warranted should be all right and satisfactory to the plaintiff ; and also alleging a breach of this agreement.　In support of this declaration, the plaintiff, against the objection of the defendant, was permitted to introduce in evidence the contract of the defendant in writing and under its seal, by which the defendant covenanted to do the things which are set forth in the declaration.　We think the admission of this document was erroneous.　It has been decided many times that when one covenants or agrees under seal with another to pay a sum or to do an act, the other cannot maintain assumpsit upon the agreement. The action must be debt or covenant broken.　But when there is in the sealed instrument no covenant or agreement to pay or perform to the obligee, or to some other person for his use, the instrument may be used as evidence in an action of assumpsit.　*Varney* v. *Bradford*, 86 Maine, 510 ; *Baldwin* v. *Emery*, 89 Maine, 496, and cases cited.　See also *Carrier* v. *Dilworth*, 59 Pa. St. 406,

cited by plaintiff. In the instrument in question, the defendant agreed under seal to do a certain act, namely, to manufacture and deliver to the plaintiff an electric motor, properly set up and connected and in running order, and which it was warranted should be "all right," and it is for a breach of this agreement that the plaintiff seeks to recover here. Clearly it falls within the rule of covenants to do or perform acts. Assumpsit will not lie upon such a sealed instrument, nor can it be used as evidence to support an action of assumpsit.

But the plaintiff contends that the seal may be regarded as surplusage, inasmuch as the instrument would be equally valid without a seal. We do not think so. The authorities cited by the plaintiff do not go so far. It must be remembered that this is not a question of the validity of a contract, but one of pleading and evidence. In cases touching the *validity* of contracts where seals have been affixed inadvertently or without authority, the courts have in many cases held the seal to be surplusage. *Tapley* v. *Butterfield*, 1 Met. 515; *Sherman* v. *Fitch*, 98 Mass. 59; *Schmertz* v. *Shreeve*, 62 Pa. St. 457, (1 Am. Rep. 439); *White* v. *Fox*, 29 Conn. 570; 2 Parsons on Contracts, 5th Ed. 721. So it has been held that the bonds of a railroad company under seal are commercial paper, and that assumpsit lies thereon. *Brainerd* v. *N. Y. & Harlem R. R. Co.*, 25 N. Y. 496; *Ide* v. *Pass. & Conn. R. R. Co.*, 32 Vt. 297. But the contrary has been held in this state. *Woodman* v. *York & Cumb. R. R. Co.*, 50 Maine, 550; *Jackson* v. *York & Cumb. R. R. Co.*, 48 Maine, 146. It has been held, indeed, in *Central National Bank* v. *Charlotte, Columbia & Augusta R. R. Co.*, 5 So. Car. 156, (22 Am. Rep. 12), cited by the plaintiff, that "the seal of a corporation is not of itself conclusive of an intent to make it a specialty. It is equally appropriate as a means of evidencing the assent of a corporation to be bound by a simple contract, as by a specialty." However this may be in the case at bar no question appears to have been raised but that the instrument offered in evidence was sealed by authority and with intent to make it a specialty. It so appears upon its face, and it must be so regarded by us.

*Exceptions sustained.*