ASENATH J. GOODWIN

*vs.*

JAMES W. SMALL, and others, Executors.

York. Opinion April 22, 1899.

*Practice. Law Docket. Rule XVII. Judgment.*

A verdict having been rendered against the defendants in January, 1898, in York county and a motion filed against the verdict at the same term, the defendants being allowed until April 1, 1898, to file a report of the evidence, *held;* that it is within the power of the justice sitting in said court at the January term, 1899, to strike from the docket the entry of "law on report" and to order judgment on the verdict for the reason that no report of the evidence had been filed; even although the case had been entered on the docket of the law court and set down for argument in 60, 30 and 30 days, but neither copies of the case nor arguments having been furnished within the time prescribed therefor, nor at any time.

ON EXCEPTIONS BY DEFENDANTS.

The bill of exceptions in this case certified from the January term, 1899, of York county, to the Chief Justice under R. S., c. 77, § 43, is sufficiently stated in the opinion of the court.

*J. O. Bradbury*, for plaintiff.

*Frank M. Higgins*, for defendants.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

PETERS, C. J.    The facts agreed are as follows:    At the January term, 1898, of court in York county, the plaintiff recovered a verdict for $3377.44, and at the same term a motion was filed by the defendant for a new trial.    There was àn entry on the docket that a copy of the evidence should be filed by April 1, 1898, but none had been filed as late as the January sitting of the court in 1899.    Whereupon at that term, on the second day thereof, the plaintiff moved that the entry of law on report be stricken from the docket and judgment be entered upon the verdict recovered a year before that time.    This order was made by the justice sitting, the defendant excepting to such order.

The counsel for defense contends that, after a motion for new trial has been entered on the docket and a time fixed for filing a report of the evidence, the case then becomes transferred to the law court and can only be disposed of in that tribunal.    But we think the entry allowing time for filing the report of evidence was conditioned upon a performance of that requirement within the time prescribed.    Rule XVII, found in 72 Maine, 572, is expressly to that effect, for it provides that for such neglect "the motion may be regarded as withdrawn and the clerk be directed to enter judgment on the verdict."    The argument of the defendant is that the trial court in such circumstances loses its control over the case in the same way that a municipal or probate court does when a case is carried from such court to a court above by appeal    But the comparison does not hold good, as in those cases the appeal usually transfers the jurisdiction from the lower to the appellate court,

while in this case the effect is only a transference to another branch of the same court and for limited purposes.

But the defendant relies, in further support of his position, upon the fact that, at the law court for the Western District at its July term, 1898, the case was set down to be argued in writing, in 60, 30 and 30 days; contending that this act was a waiver of the requirement that the report of evidence should be filed by April 1, preceding that time. This fact does not appear in the bill of exceptions, but if we may take judicial notice of the fact, then we do not think the action of the judge at nisi prius should be disturbed. The entry upon the law docket must be regarded as provisional only, not precluding an inquiry into the condition of the case on the docket either above or below. The entry was permitted upon the supposition that both the copies and the arguments would be furnished within the time set therefor, and neither having been so furnished, and the proceedings being evidently intended merely for delay, the order at nisi prius correcting the docket according to the fact was in no sense objectionable.

*Exceptions overruled.*