ROYAL INSURANCE COMPANY *vs.* ARTHUR W. NELKE.

Androscoggin.    Opinion September 23, 1918.

*Replevin.    Exceptions.    Rule of court as to filing exceptions.    General rule as to right of Justice presiding to extend time for filing of exceptions.*

The rule of the Superior Court for Androscoggin County requires that exceptions must be presented to the presiding Justice at the term at which they are taken, or within ten days after the adjournment of the term. In the present case the exceptions were not filed until sixty-three days after adjournment of the term. No waiver was made and no entry upon the docket of exceptions filed and allowed. There being neither a waiver nor agreement to extend time, nor an entry upon the docket of exceptions filed and allowed, the exceptions were filed too late and must be dismissed.

Action of replevin to recover possession of an automobile. Defendant filed plea of general issue, together with brief statement. Verdict for plaintiff. Defendant filed exceptions to certain rulings of the Justice presiding. Exceptions overruled.

Case stated in opinion.

Ralph W. Crockett, for plaintiff.

McGillicuddy & Morey, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

SPEAR, J.  This is an action of replevin for the possession of an automobile.  The facts are briefly as follows:  Mr. William T. Ruhl of Boston was the owner of a Buick car.  On the 4th day of December his sister drove the car into the city, left it in the street, unlocked, and it was stolen.  The car was insured against theft in the Royal Insurance Company.  The company was notified, investigated, and at the time for payment paid the policy, and took from the owner a subrogation receipt, and also an absolute bill of sale of the car.  This bill of sale vested the title of the car in the plaintiff company.  It is contended that the failure of Miss Ruhl to lock the car, as required by the Massachusetts statute, was an act of negligence that would have excused the company from paying the policy.

It is further contended that the car was not licensed and was a trespasser on the road.

These defenses were urged as conclusive of the plaintiff's right of recovery.

The presiding Justice, however, overruled these contentions and the defendant excepted.  While the decision of the case is necessarily based upon other grounds, it is a satisfaction to observe that the verdict was warranted upon the testimony.

But the ground upon which the case must be considered involves the rule of fixing the time of presenting exceptions.  The plaintiff filed a motion to dismiss the exceptions because they were not seasonably filed or presented to the presiding Justice.  There is no dispute about the facts stated in the motion, viz:  "Under Rule XXII of the Superior Court for Androscoggin County, exceptions must be presented to the presiding justice at the term at which they are taken or within ten days after the adjournment of the term.  The case was tried and verdict rendered April 12th.  The April Term adjourned April 15th.  The exceptions were not filed or presented to the presiding justice for allowance or to counsel for the plaintiff for examination until June 17th, sixty-six days after verdict and sixty-three days after adjournment of the term.  Neither does the docket show any entry of the filing of them up to June 17th.  Counsel for the plaintiff expressly stated immediately after the trial that he would waive no right to object to the allowance of exceptions on account of delay.

The exceptions were allowed only as far as the discretion of the presiding justice extended. This all appears as a part of the bill itself." The rule must be regarded as controlling. The discretion of the presiding Justice could not extend beyond the ten day limitation prescribed by the rule, otherwise the rule would have no force against his unlimited discretion. It may be competent for parties to waive the provisions of the rule, as by an entry on the docket in term time "exceptions filed and allowed" or some other minute of agreement; but waiver is expressly negatived in the case before us, as the facts stated in the motion show.

This conclusion is supported by all the decisions which have been rendered upon a similar state of facts. *Fish* v. *Baker*, 74 Maine, 107; *Howard* v. *Folger*, 15 Maine, 447. The Massachusetts cases are to the same effect. *Dunn* v. *Motor Co.*, 92 Maine, 165, is clearly distinguishable from the case at bar. It does not disclose a similar state of facts.

The exceptions, accordingly, were not seasonably presented and approved by the presiding Justice, and the entry must be:

*Exceptions dismissed.*