CAMP MAQUA YOUNG WOMEN'S CHRISTIAN ASSOCIATION.

*vs.*

INHABITANTS OF THE TOWN OF POLAND.

Androscoggin.     Opinion December 15, 1931.

*Benjamin B. Sanderson,*
*Freeman & Freeman,* for plaintiff.
*Tescus Atwood,* for defendant.

SITTING: DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

THAXTER, J.    This was an action brought to recover from the defendant town the taxes paid by the plaintiff for the years 1924 to 1930 inclusive with interest at six per cent. The basis of the claim is that the plaintiff is a benevolent and charitable corporation organized under the laws of Maine and is exempt from taxation.

The case was referred with right of exceptions reserved. The referee found for the plaintiff in the sum of $6,094.77; and at the September Term, 1931, this report was accepted and the defendant excepted.

Under the provisions of Rule XLII of the Supreme Judicial and Superior Courts, the right to except to a decision of a referee on questions of law may be reserved. The adoption of this rule on December 1, 1930, changed the practice which had been in force since the promulgation of Rule XLV in 1908, under the provisions of which no stipulation for a review of the finding of a referee on a question of law was permitted.

Rule XXI, which has been in effect since at least 1855, provides for the procedure which should be followed in objecting to the allowance of the report of a referee. It reads as follows:

> "Objections to any report offered to the court for acceptance, shall be made in writing and filed with the clerk and shall set forth specifically the grounds of the objections, and these only shall be considered by the court."

In this case the defendant has filed no objections in writing in accordance with this rule. The invariable practice in this state has been that there must be a strict compliance with its provisions, if the exceptions are to be considered by this court. *Bucksport* v. *Buck*, 89 Me., 320; *Witzler* v. *Collins*, 70 Me., 290; *Maberry* v. *Morse*, 43 Me., 176.

We might add, however, that were the merits of the case to be decided by us, we should be constrained to hold that the decision of the referee was correct. *Exception overruled.*