RINALDO A. L. COLBY,

*vs.*

JESSE TARR AND DEPOSITORS TRUST CO., TRUSTEE.

Sagadahoc.    Opinion, November 3, 1943.

*McLean, Southard & Hunt,* for the plaintiff.

*Edward W. Bridgham,*

*Harry J. Rubin,* for the defendants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

MURCHIE, J.    This case was certified to the Law Court on exceptions reserved by the defendant during the trial of the cause in the Superior Court, and his motion for a new trial following an adverse verdict. In term time a docket entry was made fixing August 15th, 1943, as the time for filing an extended bill of exceptions. The defendant prepared such a bill and mailed it to the plaintiff on August 7th. It was received by the latter on August 9th and returned on August 17th with a redraft, and a letter declaring that if the redraft was not acceptable the plaintiff desired to be heard when the bill was presented for allowance to the Justice who presided at the trial. The plaintiff did not notify that Justice of such desire.

The issues raised by the motion and exceptions have not been argued and are not in order for present adjudication, but the plaintiff has presented a combined Petition and Motion to which the defendant's draft of exceptions, which were allowed on September 3rd (without his having been heard), and his redraft are attached as Exhibits and seeks thereunder by appropriate prayers to have the exceptions (1) summarily dismissed for late filing, or, if that relief is denied, (2) declared incomplete and inadequate, when of necessity an order would issue directing the defendant to file a true bill thereof.

A motion for summary dismissal of exceptions by the court

sitting in *banc* was filed in *Dunn* v. *Auburn Electric Motor Co.*, 92 Me., 165, 42 A., 389, on assertion that "they were not presented and filed in conformity to law and the rules and practice," but this action was taken when the case was argued. Like claim was asserted, apparently without formal motion, in *Poland* v. *McDowell*, 114 Me., 511, 96 A., 834, where the opinion notes that one exception was allowed "after the adjournment of the term." The principle declared in *Dunn* v. *Auburn Electric Motor Co.*, supra, and reaffirmed in *Poland* v. *McDowell*, supra, is controlling as to the prayer that the exceptions be summarily dismissed. The certificate of the Justice who presided at the trial represents his official decision that they were regularly and properly filed and allowed, and such decision is not reviewable. It creates, as stated in *Poland* v. *McDowell*, supra, a conclusive presumption on the point. *Fish* v. *Baker*, 74 Me., 107, is clearly distinguishable from the *Dunn* case as the later opinion carefully notes, and the basis for distinction was recognized in *Royal Insurance Co.* v. *Nelke*, 117 Me., 366, 104 A., 626, which was decided squarely on the authority of *Fish* v. *Baker*, supra. Foundation for the principle of finality rests in recognition that parties to litigation may, with the consent of the court, waive time requirements for the filing of exceptions, either expressly or by implication, and while it is not necessary that the record show support for a finding of waiver, it is obvious that inference thereof might fairly have been drawn from the facts that the plaintiff was presented with a draft of exceptions before the assigned closing date for filing, that he retained possession thereof until after that date, and thereafter submitted a redraft for consideration by his opponent.

As to the alternative relief, the plaintiff purports to proceed under R. S. (1930), Chap. 91, Sec. 24, and Rule 40 of the rules governing procedure in the Supreme Judicial and Superior Courts. The pertinent statutory language declares that:

"the truth of the exceptions presented may be established before the supreme judicial court sitting as a court of law, upon petition setting forth the grievance."

Earlier language indicates that this remedy is available if either party is aggrieved when a single Justice (1) disallows written exceptions presented to him, (2) fails to sign them, or (3) "alters any statement therein." The Rule is obviously intended to provide machinery to accomplish the result contemplated by statute. It specifically outlines procedure whereby a party claiming to be aggrieved by non-action on his exceptions for 10 days may frame an issue which will disclose his grievance and have it determined at the next ensuing law term. It is clearly limited to cases where exceptions have not been allowed. The statute language, "either party is aggrieved," carries import that relief was intended to be available to both parties to litigation, but on the particular facts there can be no occasion for determining the rights of the exceptant's adversary since he, as the moving party in the Petition and Motion, presented no contention to the Justice below as to what should appear in the extended bill. *Mann* v. *Homestead Realty Co.*, 134 Me., 37, 180 A., 807, presents an instance where, as in *Dunn* v. *Auburn Electric Motor Co.*, summary action on a bill of exceptions was sought by motion addressed to the Law Court praying for the amendment thereof, and this in effect is the remedy sought by the prayer that the present bill be declared "incomplete and inadequate." That case decided that allowance of a bill of exceptions was as final and conclusive with reference to its contents as to its proper filing and allowance, the *Dunn* and *Poland* cases being cited as authority. The alternative relief prayed for must also be denied.

This Court has not heretofore had occasion to prescribe how a party opposing exceptions should proceed to assure inclusion in his opponent's bill of material which he believes should

be included to make them true. It is obvious, however, that his starting point must be prior to the allowance of the extended bill and before the Justice whose function it is to pass thereon. It might be by representation before the presentation of an extended bill, or by specific objections to a prepared draft. When exceptions have been allowed, it is too late to attempt reformation by way of amendment.

The bill of exceptions as allowed and its redraft comprise respectively 14 and 28 pages of typewritten matter, including quotations of substantial length from the testimony. Had they been presented to the Justice below, it would have been his function to determine which, if only one, presented a true bill, or which, if both might be said to be true, he would allow as best presenting the issues raised by the exceptions. It would have been his right to insist that the plaintiff specify his grievance or grievances and not leave that problem for discovery by comparison of the drafts one with the other and collation of both with the record. It is not the function of this Court to undertake such an analysis. Fortunately the case stands on the law docket for argument on a motion for new trial as well as on exceptions, and the entire record will be available to forestall possibility that plaintiff will suffer by the omission from the bill of exceptions of any material that might properly have been included therein.

The present mandate, which in no way affects the merits of the case presented on the motion and exceptions, is

*Petition and Motion dismissed.*