Doris Bradford
*vs.*
James M. Davis also known as
J. Martin Davis: and Bessie E. Davis

Doris Bradford
*vs.*
Merrill F. Drisko

Washington.   Opinion, December 9, 1947.

*Blaisdell & Blaisdell,* for plaintiffs.

*Dunbar & Vose,* for defendants.

SITTING: STURGIS, C. J., THAXTER, TOMPKINS, FELLOWS, JJ.

FELLOWS, J. These cases come before the Law Court on plaintiff's exceptions to the denial of the plaintiff's motion to fix a time for filing report of evidence to go with a bill of exceptions allowed at a former term; and also on plaintiff's exceptions to the granting of defendant's motion for executions to issue. The exceptions are overruled.

These two real actions were brought in the Superior Court for Washington County, and a referee returned to the clerk's office in November 1946 the Rule of Reference in each case, with findings for the defendants. On the first day of the February term 1947 of the Superior Court, objections to the allowance of the report of the referee were filed by the plaintiff in each case, but the reports were accepted by the presiding justice and allowed. What the objections

were does not appear in the record before us. Exceptions were then taken by the plaintiff, to the acceptance and allowance, and bills of exceptions to the acceptance of the reports were filed, allowed and signed. These two bills of exceptions, allowed and signed during the February term 1947, are not a part of this record, but from statements in this record and from the briefs and arguments, we are asked to assume that the report of the evidence heard by the referee was either, referred to in the bills of exceptions, or was made a part of each bill. No extension of time for filing evidence was made by the justice presiding at the February term 1947; and no request for extension was made by the plaintiff at this February term.

The clerk of the Superior Court for the County of Washington at the February term, 1947 marked both of the cases "Law" on the docket, and the cases were transferred to the docket of the Law Court.

At the May term of the Law Court it was ordered that a law docket entry be made in each case, of "Misentry. Dismissed without prejudice" and the cases were thus remanded to the docket of the Washington County Superior Court.

At the June term 1947 of the Superior Court for Washington County, the plaintiff filed motions in both cases that a time be fixed for filing the evidence, which motions were denied by the then presiding justice, and the plaintiff excepts.

At the same June term 1947 of the Superior Court the defendants, on the other hand, filed in each case a motion that execution issue to the defendants for costs, on the grounds that during the previous February term no report of evidence was filed by the plaintiff, and no extension of time to file was asked for by the plaintiff, and no extension was granted by the presiding justice. These motions for executions were granted and the plaintiff excepts.

The bills of exceptions now before the court in these two cases, are alike in substance. They state that the cases were referred; that objections to referee's reports were made; that reports were accepted, and that exceptions were filed at the February term 1947, with no time fixed for filing evidence, and they make claim of error in that the presiding justice at the June term 1947 had no authority to order executions to issue for costs. These bills of exceptions also claim that the justice presiding at the June term 1947 should have fixed a time for filing the evidence, to go with the original bills allowed during the preceding February term. It does not appear, in these two bills of exceptions before us, that the report of the evidence was made *a part* of the previous two bills of exceptions that were filed and allowed at the preceding February term. It does not appear that these are cases wherein "a report of the evidence is required for the Law Court" under Rule 19A, 138 Me. 367.

The purpose of a bill of exceptions is to put the decision objected to upon record for the information of the Law Court. *Dodge* v. *Bardsley*, 132 Me. 230. Bills must be presented "during the term," to the justice presiding, stating each issue of law in a clear, distinct, and "summary" manner as required by statute, "and when found true" they are allowed and signed by the presiding justice, "provided however that in *all* cases, such exceptions shall be presented within 30 days." R. S. 1944, Chap. 94, Sec. 14. The statute requires that bills be presented "during the term," and if the term shall be a long one, "within 30 days" of the ruling complained of. "The substance must be reduced to writing while the thing is transacting, because it is to become a record." *McKown* v. *Powers*, 86 Me. 291, 294. It is customary in practice, however, because of time necessary to prepare a formal bill, to note upon the term docket that exceptions have been "filed and allowed." Then if the exceptant believes that he will not have sufficient time or opportunity to write out and to prepare a complete bill of exceptions before

adjournment, or if there will be an unavoidable delay due to transcription of evidence by the court reporter, it is also the practice for the exceptant to ask the presiding justice for an extension, by making further docket entry that the completed bill may be filed on or before a certain date. In this manner the statute has been complied with, the exceptions are filed and allowed "during the term," leaving only mechanical details for some future time. The certificate of the justice who presided, that the exceptions are allowed, is conclusive as to regularity, unless he makes some qualification. *Colby* v. *Tarr*, 140 Me. 128; *Fish* v. *Baker*, 74 Me. 107; *Royal Insurance Co.* v. *Nelke*, 117 Me. 366; *Dunn* v. *Motor Co.*, 92 Me. 165; *Borneman* v. *Milliken*, 118 Me. 168; *Mann* v. *Homestead Co.*, 134 Me. 37; *McKown* v. *Powers*, 86 Me. 291.

"The excepting party is bound to see that the bill of exceptions includes all that is necessary to enable the court to decide whether the rulings of which he complains were or were not erroneous. Failing to do so, his exceptions must fail." *Bronson Aplt.*, 136 Me. 401, 402; *Small* v. *Sacramento Co.*, 40 Me. 274. If a true bill of exceptions is presented to the presiding justice and he does not allow the same, the disallowance does not deprive the excepting party of his rights. He can proceed under R. S. 1944, Chap. 94, Sec. 14 and Rule of Court 40, 129 Me. 518, to establish the truth of the exceptions before the Law Court.

The complete report of evidence taken in any case is not necessarily a part of a bill of exceptions unless the bill of exceptions states that it is a part. *Doylestown Co.* v. *Brackett Co.*, 109 Me. 301; *Jones* v. *Jones*, 101 Me. 447. The court cannot go outside the bill itself to determine that rulings are erroneous and prejudicial, even if the evidence accompanies the bill. The bill itself must state the grounds of exception in a summary manner. The bill must be "able to stand alone." *Dennis* v. *Packing Co.*, 113 Me. 159; *State* v. *Belanger*, 127 Me. 327; *Jones* v. *Jones*, 101 Me. 447; *Dodge* v. *Bardsley*, 132 Me. 230; *Gerrish* v. *Chambers*, 135 Me. 79.

There are some departures from this general rule, such as in cases of exceptions to a directed verdict, *Brown* v. *Sanborn,* 131 Me. 53, or to a nonsuit, *People's Bank* v. *Nickerson,* 108 Me. 341; *Bouchles* v. *Tibbetts,* 117 Me. 193.

If all the evidence is "made a part" of the bill of exceptions, or if for any reason the complete evidence is to be a necessary part of the printed case, it must be filed within the term or within thirty days, unless there is an extension of time shown by docket entry. The burden of securing the order of court for an extension is on the party who desires it. There is no duty on the part of the presiding justice to seek out parties to ascertain if extra time is necessary. R. S. 1944, Chap. 94, Sec. 14. If an entry on the docket is made granting an extension, it is "conditioned upon a performance of that requirement within the time prescribed," *Goodwin* v. *Small,* 92 Me. 588, 589. In motions for new trials also, the evidence must be filed within thirty days, unless the time is extended, or the clerk may be directed to enter judgment, *Rule 17,* 129 Me. 509.

The justice who presides over the term at which the exceptions are taken is the only justice who has authority over the bill of exceptions. He is the one who certifies to the truth of the facts stated in the bill. R. S. 1944, Chap. 94, Sec. 14. The statute permits another justice to act in those instances only where there is death, disability, resignation or removal of the one who presided. R. S. 1944, Chap. 95, Sec. 51. "The right to establish exceptions is statutory." *Nissen* v. *Flaherty,* 117 Me. 534; *Borneman* v. *Milliken,* 118 Me. 168.

There are three parties to a bill of exceptions—the parties to the suit and the justice who is presiding. Neither the parties, nor their counsel, can agree, without the consent of the presiding justice, to make material alterations in a bill after allowance and signing. The judge himself cannot change it during the term without the consent of the excepting party, or on notice. *Shepard* v. *Hull,* 42 Me. 577.

Then too, after the term adjourns, the power of the presiding justice over the business of that term ceases, unless a "privilege was reserved during term time." "The presiding justice is not only not required to allow exceptions after the term is adjourned, but, without waiver and consent, he has no power to do it." *Poland* v. *McDowell,* 114 Me. 511, 513.

Where the parties agree to a reference of an action pending in the Superior Court, they agree to be bound by the judgment of the tribunal that they have themselves selected. *Courtenay* v. *Gagne,* 141 Me. 302. The referee determines all the questions of law and fact unless exceptions are reserved in matters of law. The referee may report questions of law, if he so desires. *Rule 42,* 129 Me. 519. When the referee's report is presented for acceptance the presiding justice may accept or recommit. Under the old practice, before the adoption of *Rule 42* in 1930, judicial discretion was not subject to exceptions unless there was plain abuse, or unless there was fraud, prejudice, mistake, or failure to pass upon submitted questions. *Kennebec Housing Co.* v. *Barton,* 122 Me. 374; *Chasse* v. *Soucier,* 118 Me. 63. Since the passage of *Rule 42,* 129 Me. 519, whenever objections under *Rule 21,* 129 Me. 511 are filed, the ruling on the acceptance of the referee's report is one of law and not of discretion. The objections must be filed to the acceptance of referee's report before acceptance and before exceptions are taken. Otherwise the exceptions will be invalid. *Insurance Company* v. *Pettapiece,* 132 Me. 44; *Camp Maqua* v. *Poland,* 130 Me. 485; *Lincoln* v. *Hall,* 131 Me. 310. Questions of fact are decided by the referee and will not be disturbed if supported by evidence of probative value. *Wood* v. *Balzano,* 137 Me. 87.

Ordinarily, after the allowance of exceptions, there is nothing to be done with a case in the Superior Court except to continue until receipt of a certificate from the Law Court of its action thereon. R. S. 1944, Chap. 91, Sec. 14; *Lunt* v. *Stimpson,* 70 Me. 250, 252. In the cases here, the Law

Court had acted and had entered dismissal orders, and the cases were pending on the Superior Court docket.

Modern practice of the law requires more direct and speedy results than was required formerly. The courts as well as the public demand a prompt conclusion to pending litigation. Delays, for the apparent purpose of delay only, are not favored, and where a party makes little or no effort to prepare, or conclude his case, it is the duty of the court to use all legal means to hasten its completion.

These two real actions under consideration were referred at the October term 1946. At the February term, 1947, plaintiff filed objections to the referee's reports, but what the objections were does not appear in this record. The reports were allowed and the plaintiff excepted, and her bills of exception were filed, allowed, and signed at the February term, 1947. These bills of exceptions are not in the record. We have no knowledge whether the testimony before the referee was made a part of either of the February bills of exception or was for any purpose required. In any event, no extension of time was asked for by the plaintiff or fixed by the presiding justice for filing evidence. It is presumed that the bills of exceptions being allowed and signed, were complete in themselves, and did not require the entire evidence as "a part." If it was made a part, the attorney for the plaintiff should have had a time fixed for filing, otherwise it should have been filed during the term or within thirty days. If the evidence was not a part of the exceptions there was no necessity for filing. In other words, there is nothing in the record to indicate that a report of evidence was "required" under *Rule 19A*, 138 Me. 367. The cases were marked "Law" at the February term, and went on the Law Court docket. At the May term of the Law Court these two cases were dismissed from the law docket without prejudice, and remanded to the Superior Court. The cases were thus in the Superior Court for some form of disposition.

So far as appears from the record before us, no attempt was made by the plaintiff to order or to procure a transcript

of the evidence to be filed "within thirty days," or at any time. The plaintiff, in her June motions to have a time fixed, does not claim that the printing of the evidence as part of the cases is indispensable or necessary. She does not claim in the June motions that the evidence was a part of the exceptions. She simply asks for a time to be set for filing evidence. If delays of this nature are to be favored or approved, practice before the court will become an endless game with no penalties for failure to follow the rules.

The justice presiding at the June term of the Superior Court had no authority to make an order to fix time for filing evidence to go with a bill of exceptions allowed at the February term. He had no authority over a bill of exceptions, or any part of a bill, allowed by another justice at a previous term. His denial of plaintiff's motion to fix a time for filing evidence, was correct.

The action of the presiding justice at the June term 1947, in granting the defendants' motions for executions to issue, was not improper. The cases were ready for executions. The reports of the referee had been accepted. The cases had been dismissed from the law docket. The plaintiff had not complied with the law in filing the evidence within the statutory time limit, if the evidence was a necessary part of the exceptions. If the evidence was not a part of the exceptions and, therefore, not "required," there was no occasion for extension of time. It does not appear that the plaintiff had made any effort to prepare her cases for the Law Court, and it does not appear that she had any intention to do so. The plaintiff either desired delay, or desired to complete her February bills of exception which the justice at the succeeding June term had no authority to allow her to do. The justice at the June term, in his judicial discretion, had authority to order judgments and executions. We see no abuse of discretion under the circumstances presented here.

*Exceptions overruled*
*in both cases.*