PETER P. CAREY

*vs.*

BOURQUE-LANIGAN POST NO. 5, THE AMERICAN LEGION

AND

BOURQUE-LANIGAN POST NO. 5, THE AMERICAN LEGION
BUILDING CORPORATION ET AL.

Kennebec.  January 6, 1954.

*Jerome G. Daviau,* for plaintiff.

*Thomas N. Weeks,*
*Eaton & Eaton,*
*Cyril Joly, Jr.,* for defendants.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WEBBER, JJ. WILLIAMSON AND TIRRELL, JJ., did not sit.

WEBBER, J. This matter comes up on plaintiff's exceptions to the direction of a verdict for defendants. The issue here presented is, "Were these exceptions regularly and properly allowed below, or should they be dismissed?"

At a regular April Term of the Superior Court below, the presiding justice directed a verdict for the defendants. Seasonably thereafter during the term, a docket entry was made of "Exceptions filed and allowed." On the same day the presiding justice fixed the time for filing an extended bill of exceptions, and an appropriate docket entry was recorded, "Extended Bill of Exceptions to be filed on or before return day of June Term, 1953." A transcript of the evidence was seasonably filed on May 29, 1953. On the first Tuesday of June, 1953, the return day for the June Term, no extended bill had been filed and no docket entry had been made disclosing any further extension of the time for such filing. The presiding justice at the June Term was not the justice who presided at the April Term. On the fifth day of the June Term, the justice then presiding ordered the time further extended for filing bill and the following docket

entry was made, "By order of the Court extended Bill of Exceptions to be filed on or before July 1, 1953." Ten days later the extended bill now before us was filed and allowed without qualification by the justice who originally presided at the April Term. The extended bill of exceptions was signed by counsel for the defendants as "Seen and agreed to as to form only."

R. S., 1944, Chap. 94, Sec. 14 controls and the applicable portions may be paraphrased as follows. When a party deems himself aggrieved by any opinions, directions or judgments of the presiding justice during a term of court, he may present written exceptions thereto during the thirty days of the term next following the action complained of, excepting only that if the term does not continue for thirty days, the exceptions will be received only if filed and allowed before final adjournment of the term.

Our court in *Bradford* v. *Davis*, 143 Me. 124, has fully set forth the purpose of exceptions and the method of perfecting them properly. At page 127, that opinion states:

> "It is customary in practice, however, because of time necessary to prepare a formal bill, to note upon the term docket that exceptions have been 'filed and allowed.' Then if the exceptant believes that he will not have sufficient time or opportunity to write out and to prepare a complete bill of exceptions before adjournment, or if there will be an unavoidable delay due to transcription of evidence by the court reporter, it is also the practice for the exceptant to ask the presiding justice for an extension, by making further docket entry that the completed bill may be filed on or before a certain date. In this manner the statute has been complied with, the exceptions are filed and allowed 'during the term,' leaving only mechanical details for some future time."

This procedure was the one properly followed in the case at bar. Where the usual docket entry of "Exceptions filed

and allowed" is made during term time, "the effect of this entry under our practice and the decisions of this court must be construed to be that the presentation of a bill of exceptions after the close of the term *shall by consent of parties* be considered as presented as of the date of the docket entry." (Emphasis supplied.) *Borneman* v. *Milliken,* 118 Me. 168 at 169.

It must be noted, however, that exceptions are neither completed nor finally allowed until the extended bill of exceptions has been filed and allowed by the justice who is a party to and controls it. This can be done only during the term as provided by statute *(supra),* unless the presiding justice, during the term and *with the consent of the parties,* extends the privilege to file an extended bill at a time after the term set by that justice. "The presiding justice is not only not required to allow exceptions after the term is adjourned, *but without waiver and consent he has no power to do it."* (Emphasis supplied.) *Poland* v. *McDowell,* 114 Me. 511 at 513.

"It is competent for the parties, with the consent of the presiding justice, to waive, expressly or impliedly, these requirements. Such is not an uncommon practice. *Dunn* v. *Motor Co.,* 92 Me. 165 at 167.

Where it was clear that there had been *no waiver and consent* and the certificate of allowance after the term was qualified in that respect, the bill of exceptions was deemed to be filed and allowed too late. *Fish* v. *Baker,* 74 Me. 107.

Just as waiver and consent given expressly or by implication during the term will operate to permit the presiding justice to enlarge the time for filing extended bill beyond the term, so also and only by such waiver and consent the parties may permit the same justice to further enlarge the time beyond the date originally set, when it becomes apparent to them that for good cause the original deadline for filing and allowance cannot be met.

"The justice who presides over the term at which the exceptions are taken is the only justice who has authority over the bill of exceptions." *Bradford* v. *Davis, supra*. So in the case at bar the act of the justice presiding at the June Term purporting to enlarge the time for filing extended bill was without authority and therefore void and of no effect. It may be noted that a different rule applies to matters decided by a justice *in vacation*. Here the applicable statute is R. S., 1944, Chap. 100, Sec. 39, as amended by P. L., 1945, Chap. 136. This statute expressly confers power on *"any justice"* to enlarge the time for filing exceptions. The provisions found in the last paragraph of Rule 18 of the Revised Rules of the Supreme Judicial and Superior Courts (effective August 1, 1952) have no application here as they pertain only to those matters not covered by the quoted statutes *(supra)*.

In order to avoid frequent controversy and litigation especially in the Law Court as to whether or not there had in fact been waiver and consent as to time requirements, we long ago deemed it advisable to place reliance on the certificate of the justice allowing the exceptions and make that certificate decisive of the question. Our court has assumed that the learned justices below would not permit unreasonable enlargements of time, but would promote an end to litigation and would not be unmindful of any definite and positive denial of waiver and consent by any party. Accordingly we have repeatedly held that the unqualified allowance of an extended bill of exceptions by the justice who presided at the term creates a conclusive presumption that they were regularly and properly filed and allowed; that the certificate of allowance is decisive of such questions as time requirements and whether or not there was waiver and consent by parties; and such decision by the justice is not reviewable. *Bradford* v. *Davis, supra; Colby* v. *Tarr,* 140 Me. 128; *Mann* v. *Homestead Realty Co.,* 134 Me. 37; *Poland* v.

*McDowell, supra; Dunn* v. *Motor Co., supra.* In *Royal Insurance Co.* v. *Nelke,* 117 Me. 366, counsel for the adverse party expressly refused waiver during the term. We assume that no justice will allow exceptions after the time fixed by him has expired solely in reliance upon the protection afforded his action by the "conclusive presumption," whenever he knows that the time has expired and there is in fact no consent to further extension. We assume that in every such case, the justice will afford *both* parties an opportunity to be heard. *Such is his duty.*

It is not necessary that the record show support for a finding of waiver. *Colby* v. *Tarr, supra.* In the case before us it may be noted, however, that during the term, docket entries were made which clearly denoted waiver and consent of the parties as to enlarging statutory time requirements; and later, presumably after the expiration of the deadline first fixed by the presiding justice, the counsel for defendants in writing agreed to the exceptions as to form and did not as a matter of record then refuse waiver and consent as to any further enlargement of time. The justice then found in effect that he had from the parties either express or implied waiver and consent as to a further enlargement of time, and *that finding was conclusive.*

At the December Term of the Law Court, we announced that if the exceptions were deemed to be regularly and properly filed and allowed and before us for consideration, the case would be argued upon the merits at a later term. It is now apparent that the exceptions should be retained for argument at the February Term, 1954.

*So ordered.*