NELLIE M. FAUCHER
*vs.*
RAYMOND J. DIONNE

Aroostook.   Opinion, April 29, 1959.

*George B. Barnes,* for plaintiff.

*Albert M. Stevens,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

PER CURIAM.

This cause was, by consent of the parties, heard by a Superior Court Justice without a jury.  The docket entries are a part of the record and recite:

> "Plea filed.  Hearing by court without jury.
> October 15, 1957 Findings filed:  judgment for Plaintiff for $1287.55 (vacation judgment).
> December 27, 1957 Exceptions filed and allowed if allowable.  'Law.' "

The plaintiff contends that the presiding justice erred in rulings of law, that she is accordingly aggrieved and that the errors are exceptionable.

The right to except was not reserved in this case

> "- - - -His petition was dismissed in accordance with the well established rule of law that 'when a

cause is tried by the presiding justice without the intervention of a jury,' in accordance with the statute now in question, 'exceptions to his rulings in matters of law do not lie, unless there has been an express reservation of the right to except.' " *Graffam* v. *Casco Bank & Trust Co.,* (1940), 137 Me. 148, 149.

The presiding justice did not allow the plaintiff's exceptions so as to confer upon her the benefit of the rule in *Waterville Realty Corp.* v. *Eastport* (1939), 136 Me. 309, 312. See, also, *State* v. *Intox. Liquors* (1907), 102 Me. 385, 390.

The conditional allowance of the plaintiff's exceptions by the presiding justice did not suffice to entitle her to the consideration she now seeks in this court.

" 'I wish to allow the exceptions now as of the October term, if I have authority to do so.' This was only a conditional allowance of the exceptions, and was not a decision that they were seasonably filed, but rather the contrary - - -"

*Dunn* v. *Motor Co.* (1898), 92 Me. 165, 168.

"- - - The certificate of the justice who presided, that the exceptions are allowed, is conclusive as to regularity, unless he makes some qualification. Colby v. Tarr, 140 Me. 128; Fish v. Baker, 74 Me. 107; Royal Insurance Co., v. Nelke, 117 Me. 366; Dunn v. Motor Co., 92 Me. 165; Borneman v. Milliken, 118 Me. 168; Mann v. Homestead Co., 134 Me. 37; McKown v. Powers, 86 Me. 291."

*Bradford* v. *Davis* (1947), 143 Me. 124, 128.

*Exceptions dismissed.*