**STATE of Maine**

**v.**

**Augustus F. HEALD.**

Supreme Judicial Court of Maine.

July 28, 1967.

Roger F. Blake, County Atty., Belfast, James S. Erwin, Atty. Gen., and Richard S.

Cohen, Asst. Atty. Gen., Maine, for appellant.

Francis C. Marsano, Belfast, for appellee.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

TAPLEY, Justice.

On appeal. The appellant was indicted by a Grand Jury in the County of Waldo and State of Maine for the crime of murder. The indictment was returned at the April Term, 1965 of the Superior Court. A jury trial was had and on June 17, 1965 the jury returned a verdict of manslaughter. The presiding Justice continued the case for sentence to June 18, 1965. On June 18, 1965 the Justice below imposed sentence on the appellant, following which the warrant of commitment was issued as of that day and the court then adjourned the April Term.

On the 13th day of July, 1965 the appellant presented a motion for a new trial to the presiding Justice. A hearing was had on the motion, after which, on July 14, 1965, the Justice dismissed the motion for the reason that it was not filed in accordance with provisions of Title 15, Sec. 2117, M.R.S.A., (repealed by Chap. 356, Sec. 64, P.L.1965) the pertinent portion of which reads as follows:

"* * * All motions for new trials in criminal cases, as against law or evidence, shall be filed during the term at which verdict is rendered, but in no case later than 30 days after verdict rendered."

The court below found it had no jurisdiction to entertain the motion. It further appears in the record that previous to the sentencing of the appellant the Justice was informed by the attorneys of record for the defendant that he, the defendant, did not desire to file a motion for a new trial, and was ready to have the sentence imposed. The defendant personally informed the Justice that he had no remarks to make respecting imposition of sentence. After

sentence the term was finally adjourned. From this order of dismissal the defendant seasonably appealed.

Appellant contends the presiding Justice erroneously construed the pertinent portion of Sec. 2117 when he found that there was no jurisdiction to entertain the motion for a new trial after final adjournment of the court.

The real question before us is one of jurisdiction to entertain the motion to set aside the verdict and for a new trial. The answer to this question is determinative of the appeal.

The effective statute, in stating the time when the motion must be filed, contains the following language:

"shall be filed during the term at which the verdict is rendered, but in no case later than 30 days after verdict rendered."

Appellant contends that he had 30 days after rendition of the verdict to file a motion, regardless of when the term adjourned, while appellee argues that the 30 days after verdict provision applies only to a situation where the term of court continued more than 30 days after the verdict. At the time the motion for a new trial was filed the following pertinent portion of Rule 17 of the Supreme Judicial and Superior Courts was effective:

" * * * Motions made to have a verdict set aside as against the law and the evidence, whether addressed to the presiding justice or to the Law Court, must be filed during the term at which the verdict is rendered but in any case never more than thirty days after the rendition of such verdict * * *."

In McLendon v. State, 90 Fla. 272, 105 So. 406 the court granted an extension of 15 days to file a motion for a new trial under a statute requiring motions to be filed "within four days after the verdict * * * and during the same term." The court held that in granting the extension

of 15 days the Justice was in error as the statute, being jurisdictional, gave no authority for the extension.

"Bills must be presented 'during the term,' to the justice presiding, stating each issue of law in a clear, distinct, and 'summary' manner as required by statute, 'and when found true' they are allowed and signed by the presiding justice, 'provided however that in *all* cases such exceptions shall be presented within 30 days.' R.S.1944, Chapter 94, Section 14. The statute requires that bills be presented 'during the term,' and if the term shall be a long one, 'within 30 days' of the ruling complained of." Bradford v. Davis et al., 143 Me. 124, 127, 56 A.2d 68, 70;

"When the court is held by 1 justice, a party aggrieved by any of his opinions, directions, or judgments, in any civil or criminal proceeding, may, *during the term,* present written exceptions * * * provided, however, that in all cases, such exceptions shall be presented within 30 days after the verdict is rendered or the opinion, direction or judgment is announced in the case in which such verdict, opinion, direction or judgment is made * * *." (Emphasis supplied.) R.S.1944, Chap. 94, Sec. 14.

True that Bradford concerns itself with bills of exceptions but the statute involved as to the time when bills must be presented is analogous to the one in the instant case.

"When a party deems himself aggrieved by any opinions, directions or judgments of the presiding justice during a term of court, he may present written exceptions thereto during the thirty days of the term next following the action complained of, excepting only that if the term does not continue for thirty days, the exceptions will be received only if filed and allowed before final adjournment of the term." Carey v. Bourque-Lanigan Post No. 5, The American Legion et al., 149 Me. 390, 392, 102 A.2d 860, 862.

 

See also Borneman et al. v. H. A. G. Milliken et al., 118 Me. 168, 106 A. 345.

We construe "[a]ll motions for new trials in criminal cases, as against law or evidence, shall be filed during the term at which verdict is rendered, *but in no case later than 30 days after verdict rendered*" as meaning that the motion must be filed during the term and in the event the term continues for more than 30 days, then within 30 days after the rendition of the verdict. Under no circumstances can a motion for a new trial, as against law or evidence, be legally and effectively filed after the adjournment of the term. This statute is jurisdictional. The court was correct in his ruling of dismissal.

Appeal denied.